PERRY et al., Appellees and Cross–Appellants,

v.

PROVIDENCE TOWNSHIP et al., Appellants and Cross–Appellees.

[Cite as *Perry v. Providence Twp.* (1991), 63 Ohio App.3d 377.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–164.

Decided Aug. 16, 1991.

*Roger Paul Klee* and *James L. Rogers,* for appellees and cross-appellants.

*Anthony G. Pizza,* Prosecuting Attorney, and *Ralph C. Zychowicz,* for appellants and cross-appellees.

SHERCK, Judge.

This is an appeal from the Lucas County Court of Common Pleas where, following a bench trial, the court held a section of the 1989 Providence Township Zoning Resolution to be "void and unenforceable for any and all purposes." The section of the zoning resolution in question prohibits the application of sludge to any land in Providence Township and reads:

"The dumping and/or spreading of sewage sludge,[1] industrial sludge, and any by-product of the treatment of sewage or industrial waste is prohibited within the township." Southeast Providence Township Zoning Resolution (1989), Section 7.13.1 ("Section 7.13.1"). (Footnote added.)

The trial court held that "the land application of sludge is an agricultural use of the land, and that Providence Township exceeded its authority under R.C. Chapter 519 by adopting Section 7.13.1." The trial court further held that "R.C. Chapter 6111 preempts local regulation of sludge disposal."

Appellants, Providence Township, Ronald E. Disher, Trustee, James Ford, Trustee, and Neil Hefflinger, Trustee, filed their appeal alleging that the trial court erred in both of the above holdings. Appellees and cross-appellants, James W. Perry, Melva Jean Perry and S & L Fertilizer Co., Inc., filed a cross-appeal alleging that the trial court erred in not further holding that (1) Section 7.13.1 violates the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions and (2) the use of sludge is not a zoning issue.

We find no error was committed in the trial court and affirm its decision.

Appellees, James and Melva Perry, are owners of a farm in Providence Township. They lease a portion of the farm to appellee S & L Fertilizer Co., Inc. ("S & L") which is in the business of hauling sludge from waste water sewage treatment plants. The sludge is then disposed of by S & L in one of

---

1. "Sludge" is defined in the Providence Township Zoning Resolution as a "solid or near solid by-product of sewage treatment or industrial waste treatment" in Section 2.1 of the 1989 Southeast Providence Township Zoning Resolution.

three ways: applying the sludge to the land for agricultural purposes, depositing the sludge in a sanitary landfill, or depositing the sludge in land reclamation projects. Over a ten-year period, S & L applied sludge to the Perry farm as fertilizer.

Appellees filed a complaint for declaratory judgment and injunctive relief against appellants requesting that Section 7.13.1 be declared "illegal, unconstitutional, void and unenforceable" and seeking an injunction against enforcement of the section. Following a trial, the trial court held that Section 7.13.1 "is void and unenforceable for any and all purposes." Appellants have timely filed this appeal and assert the following two assignments of error:

"I. The common pleas court erred by finding that R.C. Chapter 6111 preempts enforcement of Section 7.13.1 of the Providence Township Zoning Resolution.

"II. The common pleas court erred by finding that R.C. 519.21 precludes enforcement of Section 7.13.1 of the Providence Township Zoning Resolution."

I

In their first assignment of error appellants argue that R.C. Chapter 6111 does not preempt a township from passing a zoning resolution which prohibits the land application of sludge. R.C. 6111.46 states:

"General supervision of disposal.

"The environmental protection agency shall exercise general supervision of the disposal of sewage and industrial wastes and the operation and maintenance of works or means installed for the collection, treatment, or disposal of sewage and industrial wastes. Such general supervision shall apply to all features of construction, operation, and maintenance of such works or means which do or may affect the proper treatment or disposal of such sewage and industrial wastes. The agency * * * may adopt and enforce orders and regulations governing the operation and maintenance of such works or means * * *."

The Ohio Environmental Protection Agency has adopted a regulation in connection with the land application of sludge in Ohio Adm.Code Chapter 3745–31. Ohio Adm.Code 3745–31–02(B) provides:

"In the case of land application of sludge, no person shall cause, permit, or allow sludge to be applied to land without first submitting and obtaining approval of detail plans from the director. Any plan approval issued for land application of sludge shall specifically describe the type, character, and composition of such sludge and shall specifically designate the method, terms and conditions of its application."

■ The general test for determining whether a state statute, such as R.C. 6111.46, preempts a local regulation, such as Section 7.13.1, is whether there is a conflict between the two provisions.

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus. See, also, *Fondessy Enterprises, Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797, paragraph two of the syllabus.

The issue before this court is whether Section 7.13.1, which bans the land application of sludge in Providence Township, forbids or prohibits that which the state permits under R.C. 6111.46 and Ohio Adm.Code 3745–31–02(B). Appellants contend that neither the Revised Code section nor the Ohio Administrative Code section explicitly *permit* the land application of sludge, but that they merely *regulate* it in the event a political subdivision chooses to allow the land application of sludge at all. We do not read R.C. 6111.46 and Ohio Adm.Code 3745–31–02(B) so narrowly.

■ R.C. 6111.46, through Ohio Adm.Code 3745–31–02(B), implicitly permits the land application of sludge so long as the Ohio Administrative Code requirements are met. Thus, Section 7.13.1, which totally bans the land application of sludge, forbids what the state permits and is therefore in direct conflict with state law.

Appellants argue that there is no direct conflict between the zoning resolution and state law in this case. In support of this argument, appellants rely on *Fondessy Enterprises, Inc. v. Oregon, supra.* In *Fondessy*, the Ohio Supreme Court held that a municipal ordinance which did not "alter, impair, or limit the operation of a state-licensed hazardous waste facility is not in conflict with R.C. Chapter 3734, and may be held valid." *Id.* at 217, 23 OBR at 375, 492 N.E.2d at 801. R.C. Chapter 3734 regulates virtually all aspects of operating hazardous waste facilities in Ohio. In *Fondessy*, the court held that the local ordinance merely required landfill operators to complete additional forms provided by the city, over and above any forms required under state statute, and to remit a monthly fee and file the forms with the city. The Supreme Court held that these requirements did not conflict with the state statute but were merely requirements in addition to the state statutes. The court stated, "[m]erely by requiring administrative records to be kept daily and provided to [the city] monthly, the city is not impeding Fondessy's seminal operations in any substantive or significant way." *Id.* at 217, 23 OBR at 375, 492 N.E.2d at 801.

In the instant case, Section 7.13.1 does impede appellees' operations in a substantive and significant way. In fact, it bans their operation altogether, so far as the operation encompasses the land application of sludge. We cannot therefore say that the zoning resolution in the instant case is not in conflict with the general state law. In reading *Fondessy, supra*, it is clear that if the city of Oregon had passed an ordinance banning all hazardous waste landfills within the city's borders, the outcome of the case would have been totally different.

"[R]egulations adopted under the powers of local self-government * * * must yield to [conflicting] general laws of statewide scope and application * * *." *Canton v. Whitman* (1975), 44 Ohio St.2d 62, 73 O.O.2d 285, 337 N.E.2d 766, paragraph two of the syllabus.

Since Section 7.13.1 conflicts with R.C. 6111.46 and Ohio Adm.Code 3745-31-02(B), we find that the zoning resolution is preempted by state law and therefore void.

Like the trial court, we are mindful of appellants' concerns regarding land application of sludge in their neighborhoods. However, sewage disposal is a problem of statewide concern and must be dealt with on a statewide basis. A uniform statewide approach to regulating methods of disposing of sludge is preferable to piecemeal local regulation. For all of the reasons stated above, we find appellants' first assignment of error not well taken.

## II

In their second assignment of error appellants aver that the trial court erred in holding that the township exceeded its authority under R.C. 519.21 by adopting Section 7.13.1. R.C. 519.21 states:

"Except as otherwise provided in division (B) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes * * *."

R.C. 519.21(B) contains provisions not applicable to the case at bar.

Appellants argue that Resolution 7.13.1 does not prohibit the use of land for agricultural purposes, and that appellees' activities regarding sludge are not wholly agricultural, but are mainly associated with the trade or industry of sludge removal. Our focus in this appeal is whether Section 7.13.1 prohibits the use of land for agricultural purposes, not whether appellees' use of sludge is mainly for agricultural purposes. The question is, if the land application of sludge can be used for agricultural purposes, does Section 7.13.1, which prohibits the land application of sludge, thereby prohibit the use of land for

agricultural purposes?  In other words, can the dumping and/or spreading of sewage sludge be a use of land for agricultural purposes?  The trial court, after hearing extensive testimony, concluded that dumping and spreading sewage sludge is a legitimate method of fertilizing crops and therefore "land application of sludge is an agricultural use of the land."

Appellants rely on 1988 Ohio Atty.Gen.Ops. No. 051 in attacking the trial court's finding.  In that opinion, the Ohio Attorney General was requested to rule on whether a specific piece of land used primarily for the disposal of sewage gathered by a septic tank cleaning business was an agricultural use of the land where some crops were grown on the land.  The trial court correctly held that 1988 Ohio Atty.Gen.Ops. No. 051 "is not even remotely related to this case."  The Attorney General was asked to rule on whether a specific use of land by a specific individual was a "use incidental to agriculture."  In the instant case, we are not being asked to decide whether *appellees'* disposal of sludge is a "use incident to agriculture" but are instead being asked to determine whether *any* land application of sludge can be a use of land incidental to agriculture.  Whether appellees are using the sludge mainly for agricultural purposes or not is irrelevant in this case since Section 7.13.1 bans *all* spreading and dumping of sludge, not just nonagriculture-related spreading and dumping of sludge.

Since the trial court has found, as a matter of fact, that land application of sludge is a method of fertilizing crops, we will not disturb this finding unless it is against the manifest weight of the evidence.  *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273.  A trial court's finding of fact which is supported by "some competent credible evidence * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence."  *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.  Our review of the testimony in this case reveals that there was competent credible evidence from which the trial court judge could conclude that the land application of sewage sludge is a legitimate agricultural use of the land.

"The zoning authority possessed by townships in the state of Ohio is limited to that which is specifically conferred by the General Assembly."  *Bd. of Bainbridge Twp. Trustees v. Funtime, Inc.* (1990), 55 Ohio St.3d 106, 563 N.E.2d 717, paragraph one of the syllabus.  In the instant case R.C. Chapter 519 grants Ohio townships limited zoning authority.  R.C. 519.21 specifically states that townships have no power to "prohibit the use of land for agricultural purposes."  Since the trial court found that the land application of sludge is an agricultural use of the land, we agree that appellants have exceeded their authority in enacting Section 7.13.1 which bans the land

application of sludge. We find appellants' second assignment of error not well taken.

### III

Having found both of appellants' assignments of error not well taken, we now turn to appellees' cross-assignments of error which state:

"1. The Common Pleas Court erred by not finding Section 7.13.1 to be unconstitutional on Due Process and Equal Protection grounds.

"2. The Common Pleas Court erred by not finding Section 7.13.1 to be in [*sic*] impermissible attempt at regulating the application of fertilizer, which is not a zonable use."

■ Assignments of error filed by an appellee for the sole purpose of preventing a reversal of the trial court's ruling are governed by R.C. 2505.22 and do not require the filing of a cross-notice of appeal. Appellees' cross-assignments of error in this appeal are of this type, since nothing in the trial court's judgment entry is adverse to appellees.

R.C. 2505.22 states:

"In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part. The time within which assignments of error by an appellee may be filed shall be fixed by rule of court."

The Supreme Court of Ohio, in interpreting this statute, stated in *Parton v. Weilnau* (1959), 169 Ohio St. 145, 170–171, 8 O.O.2d 134, 148, 158 N.E.2d 719, 736, that:

"Obviously this section of the Code authorizes the assignment of error filed on behalf of defendant, but it indicates by its words that such an assignment of error 'shall be passed upon * * * [only] before a judgment or order is reversed.' There is nothing in the statute to indicate that such assignments of error shall necessarily be passed upon where, as here, the judgment of the Court of Appeals is being affirmed.

"Those words indicate the limited purpose to be served by assignments of error by an appellee * * *. They are apparently to be considered only for the purpose of preventing a reversal of the judgment under review.

" * * * In other words, it may be said that an assignment of error by an appellee * * * may be used by the appellee as a shield to protect the judgment

of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment."

In the instant case, appellees' assignments of error are being used as a shield against reversal, and this court may only consider them in the event we are contemplating reversal based on appellants' assignments of error. Since we are not reversing the trial court on appellant's assignments of error, we may not consider or rule on appellees' cross-assignments of error.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellants pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.