[Cite as *Lucas Cty. Pit Crew v. Fulton Cty. Dog Warden*, 2016-Ohio-8526.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

| | |
|---|---|
| Lucas County Pit Crew | Court of Appeals No. F-16-003 |
| Appellant | Trial Court No. CVH 1600002 |
| v. | |
| Fulton County Dog Warden | **DECISION AND JUDGMENT** |
| Appellee | Decided: December 30, 2016 |

* * * * *

Kirsten Knight, for appellant.

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, the Lucas County Pit Crew, appeals and appellee, the Fulton County Dog Warden, cross-appeals from the March 4, 2016 judgment of the Fulton County, Western District Court, designating a pit bull named "Bosco" as a dangerous dog under R.C. 955.11(A)(1)(a).

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The trial court lacked jurisdiction over the case.

2. ORC 955.11 (A)(1)(a) is unconstitutionally void for vagueness.

{¶ 3} Appellee sets forth the following cross-assignment of error:

THE TRIAL COURT ERRED WHEN IT FOUND THAT

APPELLANT HAD STANDING TO CONTEST THE FULTON

COUNTY DOG WARDEN'S "DANGEROUS DOG" DESIGNATION.

## Background Facts

{¶ 4} On December 23, 2015, Fulton County resident Matthew Boughton purchased Bosco from appellant, the Lucas County Pit Crew. Three days later, Bosco bit Boughton without provocation, causing hospitalization and two stiches.

{¶ 5} As a result, Boughton felt uncomfortable with Bosco around his children and requested appellant repossess the dog. Appellant regained possession of Bosco on December 26, 2015.

{¶ 6} Hospital staff contacted the Fulton County Health Department to notify it of the bite. Bosco was to be placed in quarantine for 10 days pursuant to R.C. 955.261(B), but appellant had possession until the Fulton County Sheriff's Department obtained a warrant to gain access to Bosco.

{¶ 7} On December 31, 2015, appellee, the Fulton County Dog Warden, served notices of dog designation, in which Bosco was named a "dangerous dog" pursuant to R.C. 955.222(C). Notices were sent to both Boughton and appellant.

2.

**{¶ 8}** On January 6, 2016, appellant requested a hearing to challenge the designation. Appellee moved to dismiss this request arguing appellant did not have standing to challenge. However, after the quarantine period ended, Bosco was released to appellant and Boughton signed a transfer of ownership in accordance with R.C. 955.11(B). Because of the transfer, appellant was found to have standing as Bosco's owner.

**{¶ 9}** On February 29, 2016, a hearing was held to challenge Bosco's designation. Appellant argued the trial court lacked jurisdiction. This argument was based on appellant being the sole owner, keeper and harborer of Bosco as of December 26, 2015, which circumstance would have required the appeal be held in Lucas County, not Fulton County. The court, however, found Boughton was the owner until he transferred under R.C. 955.11(B) and, therefore, appellant was only Bosco's harborer until the transfer.

**{¶ 10}** The court stated, "[u]nder appellant's theory of jurisdiction, 'ownership' of a dog could be constantly transferred thus defeating a court's ability to properly hear and determine whether a dog should be designated as a dangerous or vicious dog."

**{¶ 11}** The trial court affirmed Bosco's dangerous-dog designation. The judgment was journalized March 4, 2016, and it is from this judgment the parties now appeal.

**Assignment of Error No. 1**

**{¶ 12}** In the first assignment of error, appellant asserts the trial court lacked jurisdiction because appellant was the sole owner, harborer and keeper of Bosco when he was designated as dangerous. Appellee contends the court did not lack jurisdiction

3.

because Boughton actually lived in Fulton County as owner at the inception of Bosco's case.

{¶ 13} R.C. 955.222(A) states, "[t]he municipal court or county court that has territorial jurisdiction over the residence of the owner, keeper, or harborer of a dog shall conduct any hearing concerning the designation of the dog as a nuisance dog, dangerous dog, or vicious dog."

{¶ 14} Here, the record reflects on December 26, 2015, Boughton was owner, harborer and keeper of Bosco. Boughton lived in Fulton County at that time, and appellant did not become owner until Boughton transferred ownership under R.C. 955.11(B), which occurred after service of the notices of dog designation on December 31, 2015. Therefore, because Boughton owned Bosco through December 31, 2015, the trial court had jurisdiction to conduct the hearing because it had jurisdiction at the inception of Bosco's case. *See W. Unity ex rel. Beltz v. Merillat*, 6th Dist. Williams No. WM-03-016, 2004-Ohio-2682, ¶ 35 ("jurisdiction * * * is determined at the inception of the lawsuit").

{¶ 15} Accordingly, appellant's first assignment of error is not well-taken.

### Assignment of Error No. 2

{¶ 16} In the second assignment of error, appellant asserts R.C. 955.11(A)(1)(a) is constitutionally void for vagueness because "injury" is not adequately defined in the statute. Appellee contends the statute is not vague and appellant is nevertheless barred for failing to raise this argument on record below.

4.

{¶ 17} The void-for-vagueness doctrine is a component of due process, and ensures that individuals can ascertain what the law requires of them. *State v. Anderson*, 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991).

{¶ 18} To survive a void-for-vagueness challenge, "the legislative enactment must be written so that a person of common intelligence is able to determine what is required under the law, and it must provide sufficient standards to prevent arbitrary and discriminatory enforcement." *Kruppa v. City of Warren*, 11th Dist. Trumbull No. 2009-T-0017, 2009-Ohio-4927, ¶ 11, citing *Chicago v. Morales*, 527 U.S. 41, 56-57, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999).

{¶ 19} "[A] facial-vagueness challenge asserts the statute is vague in all of its applications." *Kruppa* at ¶ 12; *see also Anderson* at 173, fn. 2. Consequently, "unless the challenged legislation implicates First Amendment rights, a party cannot assert a facial void-for-vagueness challenge unless he first demonstrates the legislation is invalid as applied to him." *Kruppa*.

{¶ 20} R.C. 955.11(A)(1)(a) provides that "dangerous dog" means the dog has, without provocation, "[c]aused injury, other than killing or serious injury, to any person."

{¶ 21} "Any term which is not defined by a statute is accorded its common, ordinary meaning." *State v. Young*, 37 Ohio St.3d 249, 252, 525 N.E.2d 1363 (1988).

{¶ 22} Webster's Dictionary defines "injury" as "an act that damages or hurts." *Merriam-Webster's Collegiate Dictionary* (10th Ed.1996). Black's Law Dictionary defines "injury" as "[a]ny harm or damage." *Black's Law Dictionary* (9th Ed.2009).

5.

**{¶ 23}** In terms of defining "injury" in R.C. 955.11(A)(1)(a), we find that so long as the unprovoked injury is not "killing or serious," any physical harm to a person would suffice. Thus, applying the common, ordinary meaning of "injury" is appropriate.

**{¶ 24}** Here, Bosco's bite caused Boughton to be hospitalized and receive two stitches, which is precisely the type of harm or damage the statute is intended to deter. We find that the term "injury" is not unconstitutionally void for vagueness.

**{¶ 25}** Accordingly, appellant's second assignment of error is found not well-taken.

## Cross-Assignment of Error

**{¶ 26}** In the cross-assignment of error, appellee asserts appellant lacked standing to challenge the designation because appellant was not Bosco's harborer, keeper or owner until after the quarantine period. Appellant contends it had standing as owner, keeper and harborer after retrieving Bosco from Boughton's residence on December 26, 2015.

**{¶ 27}** R.C. 2505.22 provides that "[i]n connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part."

**{¶ 28}** Such cross-assignments of error, however, may be considered only for the limited purpose of preventing the reversal of a judgment under review. *See Perry v. Providence Twp.*, 63 Ohio App.3d 377, 383-384, 578 N.E.2d 886 (6th Dist.1991), citing *Parton v. Weilnau*, 169 Ohio St. 145, 170, 158 N.E.2d 719 (1959).

6.

**{¶ 29}** Thus, because we affirm the trial court's decision, we need not consider appellee's cross-assignment of error.

**Conclusion**

**{¶ 30}** The judgment of the Fulton County, Western District Court, is hereby affirmed. The parties are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                _____

                                                    JUDGE

Thomas J. Osowik, J.           

                                   _____

Stephen A. Yarbrough, J.                                              JUDGE
CONCUR.

                                   _____

                                                    JUDGE