THE STATE, EX REL. BROWN, APPELLANT, *v.* ROCKSIDE
RECLAMATION, INC., APPELLEE.

[Cite as State, ex rel. Brown, v. Rockside
Reclamation (1976), 47 Ohio St. 2d 76.]

(No. 75-1065—Decided July 14, 1976.)

*Mr. William J. Brown,* attorney general, and *Mr. Robert L. Brubaker,* for appellant.

*Disbro & Ellerin Co., L. P. A., Mr. Robert R. Disbro* and *Mr. Jerome M. Ellerin,* for appellee.

CORRIGAN, J. The trial court gave us the benefit of a long and carefully reasoned memorandum opinion, and, likewise, we were favored with an extensively researched opinion for a unanimous decision by the Court of Appeals. We agree with the conclusions reached by these tribunals and, in the light of the entire record, we affirm the judgment of the Court of Appeals, for the following reasons.

*I.*

The Attorney General first asserts that:

"The Director of the Ohio Environmental Protection Agency is not required to issue a formal administrative order before requesting the Attorney General to initiate judicial enforcement of the Ohio Solid Waste Act, Chapter 3734 of the Revised Code; Revised Code Section 3734.10 gives the director discretion to elect in favor of immediate injunctive relief to secure compliance with the Solid Waste Act."

Throughout the trial the Attorney General affirmed on a number of occasions that he was bringing this action in his capacity as representative of the people of the state of Ohio and was not bringing the action pursuant to a com-

plaint of the Director of Environmental Protection or as the enforcement arm of the Environmental Protection Agency.

At the trial, Mr. Newman, the Assistant Attorney General, stated as follows:

"Your Honor, I object to that. We are not representing E. P. A., Department of Health, the Board of Health of the Cuyahoga County. And I know that—"

Nowhere in its case in chief did the Attorney General even attempt to introduce any evidence that he was prosecuting this action upon complaint of the Director of Environmental Protection.

The Attorney General, after he had rested his case, again reaffirmed in open court that he was bringing this action under the general nuisance statutes and was not bringing it under or by complaint of the Director of Environmental Protection. The record reflects the following:

"Mr. Disbro [counsel for defendant]: If I might just— because I will say it sooner or later—two things that I might have expressed earlier to this court, if not, I want to do so now.

"One, there is no allegation in any of the pleadings filed by the Attorney General. The caption is the *State of Ohio, ex rel.* As I understand in general terms, that means on behalf of the people representing the people of the state of Ohio.

"There is nowhere in the body of the original complaint, nor the amended complaint, nor the amendments to the amended complaint, any allegation that the action brought by the Attorney General has been authorized by the Director of the Environmental Protection Agency.

"And, I'm sure the court is mindful of the fact that on more than one occasion Mr. Newman has stated to this court that he does not represent any administrative agency in this action, simply a direct action by the Ohio Attorney General's office.

"Those would be the things that I would point out in rebuttal. I thought I would say them.

"Mr. Newman [counsel for plaintiff]: Those are cor-

rect, your Honor, both of those statements. I have no disagreement with either one of them.''

The Attorney General did introduce in evidence, at the close of the entire case, a letter from the Director of Environmental Protection, dated December 8, 1972, to the Attorney General which approved what the latter had done in filing the complaint and suggesting that he proceed.

This letter, of course, was written several weeks after the suit was filed by the Attorney General and obviously there is no way it could be considered as constituting a complaint by the Director of Environmental Protection to provide the basis of this lawsuit. The Attorney General contended that this letter constitutes the complaint referred to in R. C. 3734.10. The Court of Appeals reviewed the record and the transcript of testimony and exhibits, and found no evidence that the board of health or the Director of Environmental Protection issued any order to Rockside stating a violation of any regulation or statute under R. C. Chapter 3734; nor did it find any evidence that a complaint was made by the board of health or the director to the Attorney General, alleging a violation of R. C. Chapter 3734 and requesting that the Attorney General initiate appropriate legal proceedings by way of prosecution or injunction. Upon a review of the record, we agree with the Court of Appeals.

R. C. 3734.10 states, in part:

''*The Attorney General*, or the prosecuting attorney of the county or the city solicitor or attorney of the city where a violation occurs, *upon complaint of the respective board of health of the health district or the Director of Environmental Protection*, shall prosecute to termination or bring an action for injunction against any person violating Sections 3734.01 to 3734.11 of the Revised Code. The Common Pleas Court in which an action for injunction is filed has the jurisdiction to grant injunctive relief *upon a showing that the respondent named in the petition is operating a solid waste disposal site or facility in violation of Sections 3734.- 01 to 3734.11 of the Revised Code.*'' (Emphasis added.)

Thus, it is specifically provided that the Attorney General may "prosecute to termination or bring an action for injunction" only *"upon complaint* of the respective board of health of the health district or the Director of Environmental Protection." In other words, the complaint of the board of health of the health district or that of the Director of Environmental Protection is a condition precedent for the Attorney General's institution of an action for injunction. If, for instance, as provided in R. C. 3734.09, the board of health of a health district decides that there is an immediate serious public health hazard, it may ask the Attorney General to bring an action for injunction without any notice in writing of violations of R. C. 3734.01 to 3734.-11 involving a solid waste disposal site licensee.

## II A.

The Attorney General initiated this action allegedly under favor of R. C. 3767.13, 3767.32 and 6111.04. R. C. Chapter 3767 relates to general nuisances.

In pertinent part, R. C. 3767.13 provides:

"No person shall * * * use, or maintain a * * * place for the exercise of a * * * business * * * which, by occasional noxious exhalations of noisome or offensive smells, becomes injurious to the health, comfort, or property of individuals or of the public * * *."

This statute, which became effective October 1, 1953, is clearly a general nuisance provision of the law. It is not applicable to a duly licensed solid waste disposal operation such as Rockside's.

## II B.

R. C. 3767.32 reads as follows:

"No person shall place or dispose of in any manner any garbage, waste, or peelings of vegetables or fruits, rubbish, ashes, cans, bottles, wire, paper, cartons, boxes, parts of automobiles, wagons, furniture, glass, oil, or anything else of an unsightly or unsanitary nature in any ditch, stream, river, lake, pond, or other watercourse, except those waters which do not combine or effect a junction with natural surface or underground waters, or upon

the bank thereof where the same is liable to be washed into the water either by ordinary flow or annual floods. This section does not apply to any substance placed under authority of a permit issued under Section 6111.04 of the Revised Code or exempted by such section from its terms."

This is again a general nuisance statute, and deals solely with the discharge of certain stated substances into specified bodies of water. It expressly exempts from its application persons holding permits granted pursuant to R. C. Chapter 6111. Such permits relate to water pollution control and may be granted by the Director of Environmental Protection.

When R. C. 3767.32 is read *in pari materia* with R. C. Chapter 6111, the legislative intent of the latter enactment becomes clear that it is to control the direct flow or direct placement or discharge of sewage material, industrial waste, and open dumping of other waste directly into a body of water or the placement of the waste on the banks of a body or bodies of water, where the same can be washed into the water.

To the extent that certain operations are licensed under R. C. Chapter 6111 to discharge sewage, industrial waste and other waste directly into waters, the operations are controlled, governed and enforced by the Environmental Protection Agency through the procedures set forth in R. C. Chapter 6111.

Defendant Rockside is not licensed under R. C. Chapter 6111, because it is a solid waste disposal operation. As such, it does not place any waste into a body of water or upon a bank of a body of water.

Rockside is, however, licensed under and through the same Environmental Protection Agency, pursuant to R. C. Chapter 3734. That agency has never requested Rockside to apply to be licensed under R. C. Chapter 6111. It is governed by the specific provisions of R. C. Chapter 3734. R. C 3767.32 has no application to Rockside's operation.

R. C. Chapter 3734 was enacted in December. 1967, several months after R. C. 3767.32 was passed by the Gen-

eral Assembly. It is a well-established principle of statutory construction that a subsequently enacted, specific statute takes precedence over earlier general legislation. This principle is statutorily provided for in R. C. 1.51 and 1.52. See *State, ex rel. Elliott Co., v. Connar* (1931), 123 Ohio St. 310, 314; *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47; 50 Ohio Jurisprudence 2d 20, Statutes, Section 10.

Inasmuch as Rockside is licensed under R. C. Chapter 3734, it is not subject to the general nuisance statute. In *Toledo Disposal Co.* v. *State* (1914), 89 Ohio St. 230, the majority opinion, at page 236, quotes with approval Joyce on Nuisances, Section 67, wherein the rule is stated: "It is a general rule that an act which has been authorized by law cannot be a public nuisance, and that the state cannot prosecute a nuisance which it has authorized. * * *"

III.

The statute invoked by the Attorney General in the third count of his complaint, R. C. 3767.13, relates to the giving off of noxious odors and became effective October 1, 1953. It is also a general nuisance statute and not applicable to a solid waste disposal operation licensed under R. C. Chapter 3734 for the same reasons as given above concerning the attempted application of R. C. 3767.32.

IV.

The fourth count sought to employ the zoning ordinances of Garfield Heights against Rockside, and, of course, the Attorney General is not a proper party to such a proceeding.

V.

Finally, the Attorney General, in the fifth count of his complaint, charged Rockside with violating the solid waste regulations of the Ohio Environmental Protection Agency.

With the establishment of the Environmental Protection Agency, on October 23, 1972, there came into effect R. C. Chapter 3745 which deals not only with the duties and regulations of the Director of Environmental Protection, but, also, specifically creates a board of review in connection which the review of rulings made by the Environ-

mental Protection Agency. Again this is an administrative procedure and the requirements and procedures of the Board of Review are set forth in R. C. 3745.02, 3745.03, 3745.04, and 3745.05. Any party adversely affected by any ruling of the Environmental Board of Review may then appeal such ruling to the Court of Appeals for Franklin County or in certain instances to the Court of Appeals of the district in which the violation was alleged to have occurred.

Such procedures are expressly set forth in detail in R. C. 3745.06.

Other procedural matters, such as matters pertaining to notices for permits, variances, etc., are described in R. C. 3745.07.

R. C. 3745.08 describes procedures for initiating charges for alleged violations.

It can be readily seen that the specific matter which the Attorney General now wishes to place immediately and directly before this court has not been processed in accordance with the specific requirements of both the Solid Waste Disposal Act (R. C. Chapter 3734) and the Environmental Protection Agency Act (R. C. Chapter 3745).

The Attorney General is not empowered to directly bring an action in the Court of Common Pleas for an alleged violation of a regulation pertaining to the daily operation of the landfill, but he must follow the administrative procedure of R. C. Chapter 3745.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STEPHENSON, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.