GLENBOSKI, APPELLANT, *v.*
ST. ALEXIS HOSPITAL ET AL.; CHOJNACKI, APPELLEE. ▊
[Cite as Glenboski v. St. Alexis Hospital (1979),
65 Ohio App. 2d 165.]

(No. 39049—Decided June 21, 1979.)

*Meyers, Stevens & Rea Co., L.P.A.,* and *Mr. Joseph G. Schneider,* for appellant.

*Quandt, Giffels & Buck Co., L.P.A., Mr. Robert Q. Quandt, Messrs. Greenfield, Malitz & Barker* and *Mr. Lawrence R. Barker,* for appellee.

JACKSON, P. J. Plaintiff-appellant, Raymond Glenboski,

as administrator of the estate of his deceased spouse, caused this action to be commenced against St. Alexis Hospital, St. Alexis Professional Emergency Room Group, Dr. Bernard Chojnacki, and N. Misischin, M.D. The plaintiff sought to recover damages for malpractice and wrongful death. By separate answer, defendant Chojnacki asserted the defense of the statute of limitations. Subsequently, he filed a motion to dismiss the claim based upon malpractice for the same reason. The trial court granted the motion and, pursuant to Civ. R. 54(B), specifically found no just reason for delay. Plaintiff appeals from that decision to this court. The single issue raised by this appeal is whether the action against Dr. Chojnacki was barred by the statute of limitations.

The controlling statute is R. C. 2305.11. It provides in pertinent part:

"(A) An action for***malpractice, including an action for malpractice against a physician,***shall be brought within one year after the cause thereof accrued***.

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given."

A cause of action for medical malpractice accrues at the latest when the physician-patient relationship finally terminates. *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164. See, also, *Saultz* v. *Funk* (1979), 64 Ohio App. 2d 29. In the case at bar, the cause of action accrued at the date of death of the decedent, March 17, 1976. On February 11, 1977, plaintiff sent a written notice pursuant to R. C. 2305.11 to Dr. Chojnacki advising that plaintiff was at that time considering bringing an action against the doctor relating to the personal services rendered to plaintiff's deceased spouse. Plaintiff's complaint was filed on September 6, 1977. Thus, the action was not commenced within one year of the accrual of the action, nor was it commenced within 180 days after written notice was given. The complaint was, however, filed within one year and 180 days of the accrual of the action.

Plaintiff maintains that the action was commenced within the time permitted by the statute. He contends that the giving of the written notice served to toll the running of the one year statute of limitations for 180 days and that this is the effect of the giving of written notice in any malpractice action. Plaintiff further contends that this interpretation of the statute is reasonable in that by encouraging the giving of written notices, settlements will be facilitated and the number of frivolous lawsuits will be reduced.

In considering this question, we first look to the language of the statute. R. C. 2305.11(A) states that an "action for***malpractice***shall be brought within one year after the cause thereof accrued." Where, however, within that year, written notice is given to a person against whom the prospective plaintiff is considering bringing a medical malpractice action, then the statute will permit a limited exception to the general rule. The action may then be commenced "at any time within one hundred eighty days after that notice is given."

The provision does not toll the running of the statute of limitations for 180 days. It creates a limited or discretionary exception and permits a prospective plaintiff to commence a medical malpractice action against a defendant within 180 days of the written notice only where such notice has been given within one year of the accrual of the action. If a written notice is given, then the action must be commenced within 180 days after notice is given; however, if written notice is given 180 or more days prior to the end of the one year period from the date of the accrual of the action, the statute of limitations will not be shortened. The one year statute of limitations will control since the statute states that an "action for***malpractice***shall be brought within one year." The statutory time period may not be shortened to less than one year. The "if provision" constitutes an option that accrues to the benefit of the plaintiff to extend the time limitations in certain cases. But if the option is utilized, then the requirements must be met. If the General Assembly had intended to extend the statute of limitations in every malpractice action in which a written notice were given, then they could have easily so stated. Instead, they established a one year statute of limitations and made provision for a 180 day extension in certain medical malpractice cases.

We find this rule to be a reasonable one and one which serves a salutary purpose. Settlement between two parties to a lawsuit remains viable as an alternative even after a complaint is filed. To the extent that frivolous lawsuits may result when a client engages counsel shortly before the statutory deadline, this rule will permit written notice to be given and will allow an additional 180 days in which to prepare a complaint. Thus, as long as written notice is given to the defendant within one year of the accrual of the cause of action, the plaintiff will have at least 180 days in which to prepare a complaint.

Three situations which may occur under this section of the statute and the proper results are stated below:

1. If no written notice is given, then the one year statute of limitations will control.

2. If written notice is given 180 days or more prior to the end of the one year period from the date of the accrual of the action, then the one year statute of limitations will still control the filing of the complaint.

3. If written notice is given less than 180 days prior to the end of the one year period from the date of accrual of the cause of action, then the extension period of 180 days from the date of the notice will control the filing of the complaint.

The case at bar comes within the third example above. Accordingly, we find that the cause of action by plaintiff was barred by the provisions of R. C. 2305.11 and that the trial court properly granted defendant's motion to dismiss.

*Judgment affirmed.*

PRYATEL and CORRIGAN, JJ., concur.