FISHER ET AL., APPELLANTS, v. AUSTRIACO, APPELLEE.

(No. 1074—Decided October 28, 1981.)

*Mr. Timothy F. Scanlon,* for appellants.

*Mr. S. Samuel Nukes,* for appellee.

HUNSICKER, J. Thomas C. Fisher (appellant) was a patient of Dr. Austriaco until March 16, 1978. Appellant filed an action against Alfredo Austriaco (appellee) alleging negligent performance whereby appellant suffered serious and permanent injury. This action was instituted on October 15, 1979.

An answer to the complaint was filed November 5, 1979. On June 24, 1980, a motion by appellee for judgment on the pleadings and/or for summary judgment was filed. This motion asked for this relief for the reason that on its face, the complaint for medical malpractice was barred by the statute of limitations. The motion as filed by the doctor was sustained from which an appeal was then lodged in this court.

Interrogatories directed to appellee plus allegations in this complaint establish that the doctor was absent from the state of Ohio for thirty-three days between March 16, 1978, and March 16, 1979. Counsel for appellant says by proper application of the statutes the action was timely brought.

R.C. 2305.11 in pertinent part states:

"(A) An action for * * * malpractice, including an action for malpractice against a physician, * * * shall be brought within one year after the cause thereof accrued * * *.

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given."

R.C. 2305.15 in pertinent part states:

"When a cause of action accrues against a person, if he is out of state * * * the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, * * * does not begin to run until he comes into the state * * *. After the cause of action accrues if he departs from the state, * * * *the time of his absence * * * shall not be computed as any part of a period within*

*which the action must be brought."* (Emphasis added.)

The written notice pursuant to R.C. 2305.11 was mailed to appellee on April 18, 1979 — thirty-three days after March 16, 1979. Counsel for appellant argues that by taking the date when the patient-doctor relationship ceased as March 16, 1978, and by adding one year and thirty-three days to get April 18, 1979, then by adding six additional days because of the doctor's further absence, the date computed would be April 24, 1979, which is six days more than the full period if the last six days of the doctor's absence from the state are used, or which is exactly one hundred eighty days if only the admitted thirty-three days of the doctor's absence from the state of Ohio are used.

Hence, we arrive at the problem here which is, does the tolling period of R.C. 2305.15 as to the thirty-three days and the tolling period of R.C. 2305.11 of one hundred eighty days apply herein? If either tolling period does not apply then the action is not timely brought. Both tolling periods must apply to make this action for malpractice effective.

R.C. 2305.15 is remedial in nature, *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48 [61 O.O.2d 295], and as procedural legislation it must be liberally construed. R.C. 1.11. By the provisions of R.C. 2305.15, the restrictions set out in R.C. 2305.04 to 2305.14, inclusive, do not prevent the operation of the statute. The situation in the instant case is not what was before the court in *Vance* v. *St. Vincent Hospital* (1980), 64 Ohio St. 2d 36 [18 O.O.3d 216], for in that case the interpreted statute definitely restricted the action to a four-year period regardless of age.

In the instant case if R.C. 2305.11 is to restrict the operation of R.C. 2305.15 then why continue the exception of R.C. 2305.04 to 2305.14, inclusive, in the statute?

A cause of action against a physician for malpractice accrues when the physician-patient relationship ceases. *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164 [54 O.O.2d 283]; *Gillette* v. *Tucker* (1902), 67 Ohio St. 106. In the ordinary course of events an action for malpractice against a physician must be commenced in one year, but since the statutes providing this time period are subject to R.C. 2305.15, the time is extended to cover the contingency therein set out which here permits the year to end April 18, 1979.

One of the contingencies placed in R.C. 2305.11(A) as the time when an action must be filed against a physician provided that if a written notice, prior to the expiration of that year is given the physician, then an action may be filed within one hundred eighty days after that notice is given. This is not limited to physicians only but to any person in a medical claim relating to professional medical services.

*Wetzel* v. *Weyant* (1975), 41 Ohio St. 2d 135 [70 O.O.2d 227], construed R.C. 2305.15 by reaffirming that the time of absence of a defendant from the state is not computed as any part of a period within which the action must be brought.

The tolling provision in R.C. 2305.11 is a part of R.C. Chapter 2305, Jurisdiction: Limitation of Actions, and so is R.C. 2305.15. If the 1976 amendment of R.C. 2305.11 supersedes the tolling aspect of R.C. 2305.15 as counsel for appellee insists, *Andrianos* v. *Traction Co.* (1951), 155 Ohio St. 47 [44 O.O. 72] and *State, ex rel. Brown,* v. *Rockside Reclamation, Inc.* (1976), 47 Ohio St. 2d 76 [1 O.O.3d 46], require that we say R.C. 2305.15 has been repealed with respect to the tolling of absence from the state or that R.C. 2305.11 must control as the only provision to toll action in a medical malpractice case.

We think, as did the Eighth District Court of Appeals in *Glenboski* v. *St. Alexis Hospital* (1979), 65 Ohio App. 2d 165, 168 [19 O.O.3d 122]:

"Three situations which may occur under this section [R.C. 2305.11] of the

statute and the proper results are stated below:

"1. If no written notice is given, then the one year statute of limitations will control.

"2. If written notice is given 180 days or more prior to the end of the one year period from the date of the accrual of the action, then the one year statute of limitations will still control the filing of the complaint.

"3. If written notice is given less than 180 days prior to the end of the one year period from the date of accrual of the cause of action, then the extension period of 180 days from the date of the notice will control the filing of the complaint.

"The case at bar comes within the third example above. Accordingly, we find that the cause of action by plaintiff was barred by the provisions of R.C. 2305.11 and that the trial court properly granted defendant's motion to dismiss."

A recent opinion by the Eighth District Court of Appeals written by the judge who wrote *Glenboski, supra,* and concurred in by two different members of that court, one of whom is now a Justice of the Supreme Court of Ohio, styled *Jaeger* v. *Neumann* (Nov. 9, 1979), Cuyahoga App. No. 39595, unreported, determined that without the validity of the tolling provision in R.C. 2305.15 no action could be maintained against Dr. Neumann since the action was brought one year and six weeks after the physician-patient relationship terminated, but due to the defendant's absence from the state the tolling effect of R.C. 2305.15 intervened and tolled R.C. 2305.11 a sufficient length of time to bring the commencement of the action within the one-year period.

We accept the reasoning set out in the *Neumann* case and hold that R.C. 2305.15 is viable in this medical malpractice case.

We believe in the adoption of a time period when the action herein may be commenced. We begin with the base as March 16, 1978, plus the days appellee was out of the state whether as variously set out in the record and briefs as thirty-three, thirty-nine, or forty-five days which must be added to March 16, 1979, plus one hundred eighty days after April 18, 1979, April 24, 1979, or April 30, 1979, fixing the time to commence action as a period after October 15, 1979, when this case was filed.

We reverse the judgment of the Court of Common Pleas of Medina County and remand the cause for further proceedings.

*Judgment reversed
and cause remanded.*

MAHONEY, P.J., and BELL, J., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.