BOARD OF TOWNSHIP TRUSTEES OF BAINBRIDGE TOWNSHIP, APPELLANT, *v.*
FUNTIME, INC., APPELLEE.

[Cite as Bd. of Bainbridge Twp. Trustees *v.* Funtime, Inc. (1990),
55 Ohio St. 3d 106.]

(No. 89-1228—Submitted September 26, 1990—Decided December 5, 1990.)

*David P. Joyce,* prosecuting attorney, and *Forrest W. Burt,* for appellant.

*Peterson, Ibold & Wantz, Jerry Peterson* and *David M. King,* for appellee.

SWEENEY, J. The present action challenges the validity of Section 151.04 of the Bainbridge Township Zoning Resolution, which provides as follows:

"No outdoor recreational park activities or operations which involve public participation shall be carried on between the hours of 12:01 a.m. and 8:00 a.m."

The authority of townships in Ohio to adopt local zoning regulations is derived from R.C. 519.02. It provides:

"For the purpose of promoting the public health, safety, and morals, the board of township trustees may in accordance with a comprehensive plan regulate by resolution the location, height, bulk, number of stories, and size of buildings and other structures, including tents, cabins, and trailer coaches, percentages of lot areas which may be occupied, set back building lines, sizes of yards, courts, and other open spaces, the density of

population, *the uses of buildings and other structures including tents, cabins, and trailer coaches, and the uses of land for trade, industry, residence, recreation,* or other purposes in the unincorporated territory of such township, and for such purposes may divide all or any part of the unincorporated territory of the township into districts or zones of such number, shape, and area as the board determines. All such regulations shall be uniform for each class or kind of building or other structure or use throughout any district or zone, but the regulations in one district or zone may differ from those in other districts or zones." (Emphasis added.)

In *Yorkavitz v. Bd. of Trustees of Columbia Twp.* (1957), 166 Ohio St. 349, 2 O.O. 2d 255, 142 N.E. 2d 655, this court clearly stated that whatever authority townships possess to enact local police power regulations is limited to that which is specifically conferred by statute. In this regard, the court observed:

"At the outset it must be noted that the townships of Ohio have no inherent or constitutionally granted police power, the power upon which zoning legislation is based. Whatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute." 166 Ohio St. at 351, 2 O.O. 2d at 256, 142 N.E. 2d at 656.

Accordingly, the zoning authority possessed by townships in the state of Ohio is limited to that which is specifically conferred by the General Assembly. In the case *sub judice* such authority is derived from R.C. 519.02. However, the plain language of this section limits the authority sought to be exercised by appellant to regulation of "the uses of buildings and other structures * * * and the uses of land for trade, industry, residence, recreation, or other purposes * * *."

It is therefore apparent that the authority of townships to zone is limited to the *types* of uses to which structures and land may be put. The police power granted to townships pursuant to R.C. 519.02 does not encompass the authority to limit the hours of operation of otherwise lawful commercial enterprises within their jurisdiction.

Appellant cites *Akron v. Klein* (1960), 171 Ohio St. 207, 12 O.O. 2d 331, 168 N.E. 2d 564, and *Cincinnati v. Correll* (1943), 141 Ohio St. 535, 26 O.O. 116, 49 N.E. 2d 412, for the proposition that regulation of this type, if otherwise constitutional, is a permitted activity of local government. However, both cited cases involved charter municipalities, which exercise the power of self-government pursuant to Section 3, Article XVIII of the Ohio Constitution. Townships enjoy no similar authority.

Appellee has urged as an additional basis for affirmance that its prior operation of recreational activities during the hours sought to be addressed by Section 151.04 of the zoning resolution constituted a preexisting nonconforming use. However, inasmuch as we have concluded that hours of operation are not a use for purposes of R.C. 519.02, it is unnecessary to determine whether appellee has established a preexisting nonconforming use pursuant to R.C. 519.19.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.