OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Atwater Township Trustees et al., Appellees, v. B.F.I.
Willowcreek Landfill, Appellant.
[Cite as Atwater Twp. Trustees v. B.F.I. Willowcreek Landfill
(1993),      Ohio St.3d     .]
Environmental law -- Solid and hazardous wastes -- R.C. 3734.10
        expressly reserves rights of state, municipal corporation
        or person to bring an action to suppress nuisance against
        operator of solid waste disposal site -- Township is a
        "person" for purposes of R.C. 3734.10 -- Township may
        enforce anti-nuisance zoning resolution against operator
        of solid waste disposal site.
1.   R.C. 3734.10 expressly reserves the rights of "the state
        or any municipal corporation or person" to bring an action
        to suppress nuisance against the operator of a solid waste
        disposal site.
2.   A township is a "person" for the purposes of R.C. 3734.10.
3.   A township may enforce its anti-nuisance zoning resolution
        against the operator of a solid waste disposal site.
        (State ex rel. Brown v. Rockside Reclamation, Inc. [1976],
        47 Ohio St.2d 76, 1 O.O.3d 46, 351 N.E.2d 448,
        distinguished.)
        (No. 92-1064 -- Submitted April 27, 1993 -- Decided
September 15, 1993.)
        Appeal from the Court of Appeals for Portage County, No.
91-P-2375.
        On May 22, 1990, appellees, Atwater Township Board of
Trustees and the Atwater Township Zoning Inspector ("Atwater"),
filed a complaint in the Portage County Court of Common Pleas
seeking an injunction against appellant, B.F.I. Willowcreek
Landfill ("B.F.I.").  B.F.I. is the operator of a solid waste
disposal site located in Atwater Township and licensed by the
Ohio Director of Environmental Protection under R.C. Chapter
3734.  Atwater sought to enforce its local anti-nuisance
resolution, Section 1.16 of the Atwater Township Zoning
Resolution.1  Its complaint alleged, inter alia, that the
B.F.I. landfill was maintained in such a manner as to create
"offensive odors, fumes, dust, noise, refuse matter, [and]
water carried wastes, and such use is interfering with the

adjacent land owners [sic] rights of enjoyment and use of their lands."

B.F.I. filed a motion for summary judgment. B.F.I. argued that it was entitled to judgment as a matter of law because Atwater's right to pursue relief under its nuisance resolution had been preempted by state law. The common pleas court granted B.F.I.'s motion and dismissed the action. The court held that "State Law [specifically R.C. 3734.02] preempts local zoning regulation of landfills in regard to whether a landfill creates a nuisance." In so ruling, the common pleas court expressly relied on our decision in State ex rel. Brown v. Rockside Reclamation, Inc. (1976), 47 Ohio St.2d 76, 1 O.O.3d 46, 351 N.E.2d 448.

The court of appeals reversed. The court held that Rockside Reclamation was not controlling as a result of amendments to R.C. 3734.10 enacted subsequent to that decision. It reasoned, first, that amended R.C. 3734.10 specifically permits the legislative authority of a political subdivision to bring an action for violations of R.C. Chapter 3734 and that Atwater would be entitled to an injunction upon a showing that B.F.I. violated R.C. 3734.02(I). Second, it observed that amended R.C. Chapter 3734, unlike its predecessor, no longer preempted local enforcement of general nuisance laws against solid waste disposal site operators. The court remanded the action for further proceedings on Atwater's nuisance claim.

The cause is now before this court pursuant to the allowance of B.F.I.'s motion to certify the record.

David W. Norris, Prosecuting Attorney, Douglas M. Kehres and Denise L. Smith, Assistant Prosecuting Attorneys, for appellees.

Robertson, Ross, Zeglen & Pidcock and William S. Pidcock, for appellant.

Wright, J. This appeal presents a single issue: whether enforcement of a township's anti-nuisance zoning resolution is preempted by R.C. Chapter 3734. We hold that it is not.

R.C. Chapter 3734 broadly regulates the disposal of solid and hazardous waste in the state of Ohio. It empowers the Director of the Ohio Environmental Protection Agency ("Ohio EPA") to adopt rules for the inspection and licensing of solid waste facilities "in order to ensure that the facilities will be located, maintained, and operated, and will undergo closure and post-closure care, in a sanitary manner so as not to create a nuisance, cause or contribute to water pollution, create a health hazard, or violate 40 C.F.R. 257.3-2 or 40 C.F.R. 257.3-8, as amended. ***" R.C. 3734.02(A). The rules and regulations promulgated and administered under Chapter 3734 by the Ohio EPA arise from "a public concern with adverse environmental effects related to the collection and disposal of solid waste" and "are imposed for the protection of the environment and for human health and safety." A & B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees (1992), 64 Ohio St.3d 385, 389, 596 N.E.2d 423, 426.

The common pleas court below held that our decision in State ex rel. Brown v. Rockside Reclamation, Inc. (1976), 47

Ohio St.2d 76, 1 O.O.3d 46, 351 N.E.2d 448, required it to find that R.C. Chapter 3734, and specifically R.C. 3734.02, preempted the enforcement of Atwater's nuisance resolution against B.F.I. In Rockside we held that the Ohio Attorney General was barred from bringing an action in common pleas court under the state nuisance statutes against the operator of a solid waste disposal site. We reasoned that because the landfill operator was licensed under R.C. Chapter 3734, it could not be subject to an injunction under a general nuisance statute.

R.C. 3734.10 governs when and how an injunction can be obtained for a violation of R.C. Chapter 3734. At the time Rockside was decided, an injunction could be obtained against the operator of a solid waste disposal facility only for violations of R.C. 3734.01 to 3734.11 and only after a complaint from a district board of health or the Director of the Ohio EPA.2 Rockside, supra, 47 Ohio St.2d at 80-82, 1 O.O.3d at 48-49, 351 N.E.2d at 451-452.

Four years after our decision in Rockside, R.C. 3734.10 was significantly amended. Am.S.B. No. 269, 138 Ohio Laws, Part I, 892. A paragraph was added to the end of the statute which expressly provided that R.C. Chapter 3734 was not to be read to abridge the equitable or common-law rights of the state, municipal corporations, or "person[s]" to "suppress nuisances or to abate pollution."3 This paragraph was amended again in 1984. Am.Sub.H.B. No. 506, 140 Ohio Laws, Part II, 4010-4011. The 1984 amendments broadened the ability to pursue waste disposal site operators by permitting nuisance actions as "provided by statute" in addition to common-law and equitable nuisance actions. After the amendments, the last paragraph of R.C. 3734.10 now reads:

"This chapter does not abridge rights of action or remedies in equity, under common law, or as provided by statute or prevent the state or any municipal corporation or person in the exercise of their rights in equity, under common law, or as provided by statute to suppress nuisances or to abate or prevent pollution."

We believe that the 1980 and 1984 amendments to R.C. 3734.10 supersede our decision in Rockside and render its holdings of no present effect. Accordingly, the common pleas court erred in relying on that decision.

In general, a validly enacted local law is not preempted by a state statute unless it conflicts with that statute. See Fondessy Enterprises, Inc. v. Oregon (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797. Enforcement of the Atwater nuisance resolution cannot be said to conflict with R.C. Chapter 3734 because R.C. 3734.10 expressly reserves the rights of "the state or any municipal corporation or person" to bring an action to suppress nuisances against the operator of a solid waste disposal site.4 R.C. 3734.10 makes clear that in the narrow areas of nuisance and pollution prevention and abatement, political subdivisions of the state retain authority with regard to solid and hazardous waste disposal facilities. If the General Assembly had intended R.C. Chapter 3734 to exclusively occupy the field of solid waste disposal site regulation, it would not have amended R.C. 3734.10 as it did.

In our view, the unambiguous language of R.C. 3734.10

resolves this appeal.  R.C. 3734.10 states that nothing in R.C.
Chapter 3734 prevents a "person" from using rights "provided by
statute *** to suppress nuisances."  For the purposes of R.C.
Chapter 3734, "person" includes "any political subdivision."
R.C. 3734.01(G).  Atwater Township is a "political subdivision"
of the state of Ohio, R.C. 503.01, and is therefore a "person"
for purposes of R.C. 3734.10.5  Further, it is not disputed
that Section 1.16 of the Atwater Township Zoning Resolution is
a valid exercise of the powers provided to Atwater Township
under R.C. 519.02.6  Therefore, authority for the Atwater
anti-nuisance resolution has been "provided by statute."  These
premises lead us without difficulty to the conclusion that
Atwater Township may enforce its anti-nuisance zoning
resolution against B.F.I.

     The judgment of the court of appeals is affirmed.  The
cause is remanded to the Portage County Court of Common Pleas
for further proceedings consistent with this opinion.

                           Judgment affirmed
                           and cause remanded.

     Moyer, C.J., A.W. Sweeney, Resnick and Pfeifer, JJ.,
concur.

     Douglas and F.E. Sweeney, JJ., dissent.

FOOTNOTES:
     1  Section 1.16 of the Atwater Township Zoning Resolution
provides:  "No use shall be permitted or authorized to be
established which, when conducted in compliance with the
provisions of this Resolution, and any additional conditions
and requirements prescribed, is or may become hazardous,
noxious, or offensive due to emission of odor, smoke, fumes,
cinders, dust, noise, gas, vibration, electrical interference,
refuse matter, water carried wastes, or which will interfere
with adjacent landowner's [sic] enjoyment of the use of their
lands."
     2  Former R.C. 3734.10 provided in pertinent part:
"The Attorney General, or the prosecuting attorney of the
county or the city solicitor or attorney of the city where a
violation occurs, upon complaint of the respective board of
health of the health district or the director of environmental
protection, shall prosecute to termination or bring an action
for injunction against any person violating sections 3734.01 to
3734.11 of the Revised Code.  The common pleas court in which
an action for injunction is filed has the jurisdiction to grant
injunctive relief upon a showing that the respondent named in
the petition is operating a solid waste disposal site or
facility in violation of sections 3734.01 to 3734.11 of the
Revised Code."  134 Ohio Laws, Part I, 727.
     3  The new paragraph stated in full:  "Chapter 3734. of
the Revised Code does not abridge rights of action or remedies
in equity or under common law or prevent the state or any
municipal corporation or person in the exercise of their rights
in equity or under common law to suppress nuisances or to abate
pollution."  Id.
     4  R.C. 3734.10 also expressly permits county prosecutors
to bring an action alleging any violation of R.C. Chapter 3734
or of the rules, licenses, permits, or orders issued by the EPA
under R.C. Chapter 3734:  "[T]he prosecuting attorney of the

county *** where a violation has occurred, *** upon request of the *** legislative authority of a political subdivision ***, shall prosecute to termination or bring an action for injunction against any person who has violated, is violating, or is threatening to violate any section of this chapter, rules adopted under this chapter, or terms or conditions of permits, licenses, variances, or orders issued under this chapter. ***"

5  The argument can be made that the General Assembly did not intend the word "person" to encompass political subdivisions for the purposes of the final paragraph of R.C. 3734.10.  The argument would be that if the General Assembly had meant "person" in the broad sense defined in R.C. 3734.01(G), it would not have specifically mentioned the state and municipal corporations in R.C. 3734.10 because they are already included in the definition of "person."  We find this argument unpersuasive.  In R.C. 3734.01(G), the General Assembly has unambiguously defined "person" for the purposes of all of R.C. Chapter 3734.  Mindful of the rule that words that have acquired a particular meaning by legislative definition "shall be construed accordingly," R.C. 1.42, we choose to follow the definition of "person" adopted by the legislature in R.C. 3734.01(G).

6  Unlike home rule municipalities, townships may only enact laws to the extent expressly permitted by the General Assembly.  Bd. of Bainbridge Twp. Trustees v. Funtime, Inc. (1990), 55 Ohio St.3d 106, 108, 563 N.E.2d 717, 719.  Townships have been given statutory authority to enact land use and zoning regulations by R.C. 519.02.  Newbury Twp. Bd. of Trustees v. Lomak Petroleum (Ohio), Inc. (1992), 62 Ohio St.3d 387, 390, 583 N.E.2d 302, 305 ("R.C. 519.02 gives a local board of township trustees the authority to regulate land use within the township confines").  R.C. 519.02 provides in pertinent part:  "For the purpose of promoting the public health, safety, and morals, the board of township trustees may in accordance with a comprehensive plan regulate by resolution *** the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of such township ***."   This clear statutory authority has the same force and effect as the constitutional authority of home rule municipalities to regulate local land use.


Francis E. Sweeney, Sr., J., dissenting.   I respectfully dissent.  The majority opinion undermines the General Assembly's intent to create a statewide regulatory structure of uniform operation in this area of environmental legislation.  For this reason, I cannot join in its decision announced today.

The majority recognizes that R.C. Chapter 3734 was enacted in response to a public concern with adverse environmental effects related to the collection and disposal of solid wastes, citing A & B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees (1992), 64 Ohio St.3d 385, 389, 596 N.E.2d 423, 426, and mentions that the General Assembly empowered the Director of the Ohio EPA to "adopt rules for the inspection and licensing of solid waste facilities * * *" in order to meet its stated objectives.  R.C. 3734.02(A).  However, the majority conveniently omits the crucial language of that statute which provides that the director "shall adopt * * * rules having

uniform application throughout the state governing solid waste facilities * * *."

The majority also neglects to cite R.C. 3745.011, which provides in pertinent part:

"It is the intent of the general assembly that the environmental protection agency shall:

"(A) Promulgate and put into execution a long term comprehensive plan and program to conserve, protect, and enhance the air, water, and other natural resources of the state;

"(B) Prevent and abate pollution of the environment for the protection and preservation of the health, safety, welfare, and property of the people of the state;

"(C) Administer the air, water, and other natural resources of the state for the use and benefit of the people of the state;

"* * *

"(F) Provide for enforcement of the right of the people to environmental quality consistent with human health and welfare."

Also, I am troubled that the majority chose to ignore the precedent established in Clermont Environmental Reclamation Co. v. Wiederhold (1982), 2 Ohio St.3d 44, 2 OBR 587, 442 N.E.2d 1278, paragraphs one and two of the syllabus, holding that another provision of R.C. Chapter 3734 is a general law of statewide scope and application, and further requiring that local laws in conflict must yield to this general law.

Instead, today's majority looks to R.C. 3734.10 to reach its holding that a township may enforce its anti-nuisance zoning resolution against a state-regulated solid waste facility. However, as correctly anticipated by the majority, the argument can be made that the General Assembly did not intend the word "person" to encompass political subdivisions for the purposes of the final paragraph of R.C. 3734.10. While the majority is not persuaded that "person" is meant in the natural sense, I disagree.

In construing legislative intent, I am guided by the wording used by the General Assembly. In the first part of the statute, the legislative authority of a political subdivision is specifically named as one of the parties that may request the county prosecutor to prosecute an action pursuant to this chapter. However, in the final paragraph of R.C. 3734.10, the term "political subdivision" is glaringly absent. Instead, the General Assembly designates "the state," "municipal corporation" or "person" as proper parties to bring an action to abate a nuisance. If the General Assembly had intended to include all political subdivisions it could have expressly so stated, as it did in the first paragraph of R.C. 3734.10. Had the legislature meant "person" in the broad sense defined in R.C. 3734.01(G), it would not have also mentioned the state and municipal corporations, which are already included in that definition. Rather, R.C. 3734.10 demonstrates a clear legislative intent that "person" is meant in the natural sense. "That which is plainly implied in the language of a statute is as much a part of it as that which is expressed." Doyle v. Doyle (1893), 50 Ohio St. 330, 34 N.E. 166, paragraph one of the syllabus. Any other construction of this portion of the statute would undermine the General Assembly's intent that

such measure would operate uniformly throughout the state.

I believe that R.C. 3734.10 does contemplate prosecution by townships of violations, but such prosecution is expressly limited to violations of state laws. Specifically, R.C. 3734.10 gives the county prosecutor the right, on behalf of a township, to bring an action alleging a violation of R.C. Chapter 3734 or of rules, licenses, permits or orders issued thereunder. The statute does not give a township the right to bring an action to enforce its own anti-nuisance zoning provisions.

Finally, the majority states "it is not disputed that Section 1.16 of the Atwater Township Zoning Resolution is a valid exercise of the powers provided to Atwater Township under R.C. 519.02. Therefore, authority for the Atwater anti-nuisance resolution has been 'provided by statute.'" Again, I disagree with this pronouncement.

As noted by the majority, Atwater Township, being a political subdivision created solely by statute, has no inherent or constitutionally granted police power, the power upon which zoning legislation is based. Whatever police or zoning power townships have is strictly limited to that expressly delegated to them by statute. Bd. of Bainbridge Twp. Trustees v. Funtime, Inc. (1990), 55 Ohio St.3d 106, 108, 563 N.E.2d 717, 719, citing Yorkavitz v. Twp. Trustees of Columbia Twp. (1957), 166 Ohio St. 349, 351, 2 O.O.2d 255, 256, 142 N.E.2d 655, 656.

Pursuant to R.C. 519.02, a township is authorized to enact zoning resolutions to promote the health and safety of its people. However, the right to enforce its zoning resolutions is strictly limited to that which is granted to it by statute.

What the state has decreed to be preserved should not be destroyed by local regulation. It is not difficult to conclude that if Atwater is permitted to pass more stringent laws within its borders, there will be, in short order, similar provisions in every township in Ohio. As pointed out by appellant, if each local political subdivision is permitted to define what constitutes a nuisance for the purpose of regulating the business activities of a solid waste facility licensed by the EPA, permit holders would be subject to radically different and inconsistent obligations. When this happens, solid waste site operators could even be subjected to obligations so inconsistent as to make it impossible to satisfy one without violating the other. Surely, this was not the intent of the General Assembly.

In view of the foregoing, I would hold that Atwater Township must yield to the general laws of statewide scope and application. Section 1.16 of the Atwater Township Zoning Resolution, which places more restrictive requirements on B.F.I.'s landfill facilities than those imposed by the Ohio EPA, is ipso facto invalid. Accordingly, I would reverse the judgment of the appellate court and reinstate the trial court's decision dismissing the complaint.

Douglas, J., concurs in the foregoing dissenting opinion.