OPINION
Appellant, Board of Trustees of Painesville Township ("Painesville"), initiated a declaratory judgment action against appellee, Skirtz, Inc. ("Skirtz"), in the Lake County Court of Common Pleas. Skirtz is a corporation that owns and operates adult oriented businesses. In the action, Painesville sought a declaration that section 24.13 of its zoning resolution ("24.13" or "Resolution 24.13"), which established regulations regarding the use of property and structures as adult oriented businesses, was valid and enforceable.
Painesville argued that 24.13 was a permissible exercise of its zoning power under R.C. 519.02. Skirtz argued that 24.13 was invalid because it did not comply with the provisions of R.C.503.51 through 503.59 ("the adult cabaret provision"), which allows a board of township trustees to regulate adult cabarets within the unincorporated territory of the township. R.C.503.52(B) sets forth procedures that a board must follow in order to enact such regulations. Painesville admitted that it did not follow the procedures and argued that it was not required to.
Resolution 24.13 purported to "regulate adult oriented businesses, to promote the health, safety, moral and general welfare of the citizens of the Township, and to establish reasonable and uniform regulations to prevent the concentration of adult oriented businesses within the Township." It prohibited adult oriented businesses from being located: "within one thousand feet of a church, a public or private school, public park or playground and any social services facility, fairgrounds or neighborhood center;" within three hundred feet of a residential district; or within one thousand feet of an already existing adult oriented business. It further required viewing booths and viewing areas to be visible from a continuous main aisle, prohibited sexually oriented material from being sold or displayed to any person under eighteen years of age, and required that all provisions of the Ohio Fire Code be met.
No evidentiary dispute existed and the parties agreed to have this matter decided on written briefs. On October 21, 1998, the trial court ruled in favor of Skirtz and determined that 24.13 was invalid and unenforceable. In so determining, the trial court concluded that:
 "The parties have stipulated that Plaintiff has not complied with [R.C.] 503.52, governing a township's board of trustee[`]s ability to regulate adult cabarets within the unincorporated territory of the township. * * *
 "Upon review, the court finds that the Ohio Supreme Court has held that a zoning ordinance which violates an explicit statutory command of the General Assembly is invalid and unenforceable. (See Newbury Township Board of Trustees v. Lomak Petroleum [1992], 62 Ohio St.3d 387) . Upon further review, and in accordance with the stipulations of the parties, the court finds that plaintiff did not follow the mandatory requirements as detailed in [R.C.] 503.52 for adoption of its resolution. Therefore, the court finds that while complete compliance with R.C. 503.51 through 503.59 may still be available to plaintiff for adoption of its regulations, plaintiff's noncompliance at this time renders its regulations invalid and unenforceable."
Painesville raises the following assignment of error for our review:
 "The court erred in finding that the Painesville Township zoning resolution governing adult oriented business as (sic) invalid and unenforceable due to failure to comply with O.R.C. 503.51 through 503.59."
In its assignment of error, Painesville asserts that the adult cabaret provision does not preempt its authority to promulgate a local zoning resolution to regulate adult oriented businesses. Painesville cites the United States Supreme Court's decision in Renton v. Playtime Theaters, Inc. (1986), 475 U.S. 41,106 S.Ct. 925, as authority for allowing it to pass a zoning resolution to regulate adult oriented businesses. Whether adult oriented business may constitutionally be regulated through zoning is not at issue in this case. What we must decide is whether, under the laws and constitution of Ohio, a township has the authority to enact such a zoning resolution and, if so, what effect the adult cabaret provision has on that authority.
"The zoning authority possessed by townships in the State of Ohio is limited to that which is specifically conferred by the General Assembly (citation omitted.)" Board of Bainbridge Twp.Trustees v. Funtime, Inc. (1990), 55 Ohio St.3d 106,563 N.E.2d 717, at paragraph one of the syllabus. R.C. 519.02 grants townships the authority to regulate the types of uses to which structures and land may be put to use. Id. at 108.
R.C. 519.02 allows townships to regulate "location, height, bulk, number of stories, and size of buildings and other structures * * *." Much of 24.13, as set forth in section B of the resolution, regulates the locations where adult oriented businesses could be operated within the township. Absent conflicting statutory provisions, the portions of the resolution that regulate the location of buildings are permissible exercises of zoning authority. Thus, we must determine whether the adult cabaret provision conflicts with 24.13 and preempts Painesville's zoning authority.
This provision applies exclusively to adult cabarets. R.C.503.51(A) defines "adult cabaret" to mean "a nightclub, bar, restaurant, or similar establishment in which persons appear in a state of nudity in the performance of their duties." Resolution 24.13 applies not only to adult cabarets, but also to adult arcades, adult bookstores, adult video stores, adult movie theatres, and massage businesses. The provisions of 24.13 that do not pertain to adult cabarets are clearly not subject to the adult cabaret provision. Therefore, Painesville was not required to comply with the notice and hearing provisions of R.C. 503.52 when enacting those portions of the resolution. The trial court ruled that Painesville's regulations were invalid and unenforceable, but should have specified that only the portion that dealt with adult cabarets was invalid and unenforceable.
As cited by the trial court and Skirtz, "[a] zoning ordinance, rule or resolution which violates an explicit statutory command of the General Assembly is clearly preempted and is therefore invalid and unenforceable." Newbury Twp. Bd. of Twp.Trustees v. Lomak Petroleum, Inc. (1992), 62 Ohio St.3d 387,583 N.E.2d 302, paragraph one of the syllabus. In Lomak, the supreme court reasoned that the township was attempting to prohibit oil and gas well drilling in areas that were traditionally appropriate for such activity, which clearly contradicted the stated purpose of R.C. 1509.39 to encourage oil and gas drilling. It further wrote, "* * * the township has attempted to prohibit that which the state encourages."
While it is not clear what the legislature's intent was when enacting the adult cabaret provision, it assuredly was not to encourage the operation of adult cabarets. R.C. 503.52(A) states that "[a] board of township trustees, by resolution, may regulate and require the registration of adult cabarets within the unincorporated territory of the township." Painesville set forth, in 24.13, that "it is the purpose of this section to regulate adult oriented businesses * * *." Included in its definitions of adult oriented businesses were adult cabarets.
Painesville argues that the adult cabaret provision was meant only as another tool for it to use to regulate adult cabarets in addition to its already existing zoning powers. It argues that 24.13 is not in conflict with the adult cabaret provision because it does not impose criminal penalties, as do R.C. 503.53 and503.59, and does not require the business operator to obtain a permit, as suggested by R.C. 503.54, 503.55, and 503.57.
It would appear, from reading the statute, that the General Assembly did not enact the adult cabaret provision as an additional tool to a township's zoning authority but as a specific method of regulation. "Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." Statev. Volpe (1988) 38 Ohio St.3d 191, 527 N.E.2d 818, paragraph one of the syllabus.
According to R.C. 503.53(B)(4), once a township has adopted a resolution under R.C. 503.52, "[n]o owner or operator of an adult cabaret shall * * * [e]stablish or operate an adult cabaret within five hundred feet from the boundaries of a parcel of real estate having situated on it a school, church, library, public playground, or township park." R.C. 503.52(B)(4) and 24.13(B) are similar in their purpose, which indicates that a resolution such as 24.13 is what the General Assembly envisioned when enacting the adult cabaret provision. Thus, in order to enact a resolution that regulates the operation of an adult cabaret, a township must comply with the adult cabaret provision of the revised code. Therefore, the trial court did not err by ruling that the portion of 24.13 pertaining to adult cabarets was invalid and unenforceable.
The portion of appellant's assignment of error concerning the regulation of adult oriented businesses that are not adult cabarets has merit. However, the trial court was correct in its determination that the portion of 24.13 concerning adult cabarets, which is the only part that applies to appellee, must be enacted in accordance with the adult cabaret provision. This case is affirmed in part and reversed as to the ruling that the portions of 24.13 that do not pertain to adult cabarets are invalid and unenforceable.
 _______________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.