This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the City of Cuyahoga Falls ("Cuyahoga Falls"), appeals from the judgment of the Summit County Court of Common Pleas, which denied its motion to intervene and for a hearing. We affirm.
On February 28, 2001, Appellee, the State of Ohio ("the State"), on relation of the Attorney General of Ohio and at the written request of the Director of the Ohio Environmental Protection Agency, filed a complaint for injunctive relief and civil penalty. The complaint alleged that Appellee, the City of Akron ("Akron"), had violated Ohio's solid waste and water pollution laws as set forth in R.C. Chapters 3734 and 6111, respectively, in connection with a landfill located on Hardy Road in Akron ("the landfill"). The parties state that on the same day the State and Akron submitted a negotiated consent order to the trial court.[1]
Subsequently, Cuyahoga Falls moved to intervene in the proceeding and filed an intervenor's complaint against Akron. The complaint alleged that Akron was operating the landfill in violation of R.C. Chapters 3734 and 6111 and that the landfill was a nuisance. It also alleged that Cuyahoga Falls would be adversely affected by the issuance of a pending landfill permit application that seeks to expand the landfill. Cuyahoga Falls requested that the court enjoin Akron from conducting further landfill operations, and declare the parties' rights and obligations regarding the landfill and the effect of the consent order on pending administrative proceedings. Cuyahoga Falls also filed comments and objections to the proposed consent order with the court.
Akron moved to strike the comments and objections to the consent order filed by Cuyahoga Falls, arguing that the State was already considering the comments, which were submitted pursuant to the commenting regulation encompassed in 40 C.F.R. § 123.27(d)(2)(iii). Subsequently, the State responded to the comments and objections of Cuyahoga Falls. In its response, the State declared that after reviewing all the public comments, the Staff of the Ohio Environmental Protection Agency ("EPA") had determined that the proposed consent order adequately addressed the violations of the water pollution and solid waste laws; therefore, the State fully supported the consent order.[2]
Akron opposed the motion of Cuyahoga Falls to intervene in the proceedings. On August 9, 2001, the trial court denied the motion to intervene and entered the consent order. Cuyahoga Falls timely appealed the denial of its motion to intervene, raising one assignment of error for review.
 ASSIGNMENT OF ERROR The Common Pleas Court erred in denying the motion of the City of Cuyahoga Falls to intervene in the action filed by the State of Ohio against the City of Akron.
In its sole assignment of error, Cuyahoga Falls argues that the trial court abused its discretion in denying its motion to intervene in the action filed by the
State. Specifically, Cuyahoga Falls contends that it has a right to intervene in the matter, pursuant to Civ.R. 24(A)(2), and it satisfies the criteria for permissive intervention, pursuant to Civ.R. 24(B). We disagree.
We review a trial court's determination of a motion to intervene under an abuse of discretion standard. State ex rel. Strategic CapitalInvestors, Ltd. v. McCarthy (1998), 126 Ohio App.3d 237, 247. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v.Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552. Instead, a reviewing court should be guided by a presumption that the trial court was correct. State v. Coppock (1995), 103 Ohio App.3d 405, 411.
R.C. Chapter 3734 broadly regulates the disposal of solid and hazardous waste in the State of Ohio. R.C. 3734.101 governs when and how a party aggrieved or adversely affected by an alleged violation of this chapter may commence a civil action on its own behalf or intervene in an administrative enforcement action or civil action initiated pursuant to this chapter. Specifically, the statutory framework provides a method of private enforcement by which any person aggrieved or adversely affected by an alleged violation of R.C. Chapter 3734 may commence a legal action in the court of common pleas in the county where the alleged violation occurred. R.C. 3734.101(A) and (E). Such an action is contingent, however, upon the potential plaintiff first giving the Director of Environmental Protection ("the Director"), the Attorney General, and the alleged violator, 150 days written notice of the alleged violation. R.C.3734.101(B).
During this 150 day period, the statute authorizes the Director to issue an enforcement order. R.C. 3734.101(C)(1)(a). Also, during this timeframe the statute authorizes the Attorney General, prosecuting attorney of a county, city director of law, or village solicitor to prosecute a civil or criminal action to require compliance. R.C.3734.101(C)(1)(b). In the event the Director issues an enforcement order, or the Attorney General or other previously mentioned local prosecutor initiates a civil or criminal action within the 150 day period, the contemplated private action is barred. R.C. 3734.101(B) and (C)(1). However, in that situation, the aggrieved party may intervene, as a matter of right, in the administrative enforcement action or civil action, as long as the party previously gave the required notice of thealleged violation. (Emphasis added). R.C. 3734.101(B) and (C)(2).
As with any special statutory proceeding, the specific statute will supersede the more general procedures of the Ohio Rules of Civil Procedure. See Civ.R. 1(C)(7). R.C. 3734.101(G) provides that "[t]he Rules of Civil Procedure generally applicable in civil actions apply to actions commenced under this section except as this section expressly provides otherwise."
In this case, Cuyahoga Falls moved to intervene in the instant R.C. Chapter 3734 action, pursuant to Civ.R. 24(A) and (B). In order for a party to intervene in this type of action, R.C. 3734.101(B)(2) unambiguously requires the party to have given prior notice of the alleged violation of R.C. Chapter 3734, which has aggrieved or adversely affected the party. Since the statute expressly provides a specific mechanism with which to intervene in an action brought pursuant to R.C. Chapter 3734, Civ.R. 24, which addresses intervention in civil actions, does not apply. See R.C. 3734.101(G); Civ.R. 1(C).
There is no indication in the record that Cuyahoga Falls gave the requisite notice of Akron's alleged violation. Had it given proper notice of the alleged violation, which it claims has plagued it for so long, it would have, at the very least, been poised to intervene in this civil action to contest the consent order it now disputes.
This court notes that a review of the record indicates that the State's complaint and consent order do not impair or impede Cuyahoga Falls' ability to protect the claims for which it sought intervention. Significantly, the final paragraph of R.C. 3734.10 states that:
 This chapter does not abridge rights of action or remedies in equity, under common law, or as provided by statute or prevent the state or any municipal corporation or person in the exercise of their rights in equity, under common law, or as provided by statute to suppress nuisances or to abate or prevent pollution.
Thus, R.C. 3734.10 preserves Cuyahoga Falls' authority to protect its interest in the areas of nuisance and pollution prevention and abatement, with regard to solid and hazardous waste disposal facilities. See Atwater Twp. Trustees v. B.F.I. Willowcreek Landfill (1993),67 Ohio St.3d 293, 296 (finding that R.C. 3734.10 expressly reserves the rights of any municipal corporation to bring an action to suppress nuisance against the operator of a solid waste disposal site).
Cuyahoga Falls also argued in its assignment of error that it will be adversely affected by the issuance of a pending permit to expand the landfill, as a result of the consent order it sought to challenge in this case. With regard to that contention, we note that Cuyahoga Falls has a statutory right under R.C. 3745.05 to challenge any permits issued by the Ohio EPA to the Ohio Environmental Board of Review ("EBR"). Decisions of the EBR can be appealed to an appellate court and, when appropriate, to the Ohio Supreme Court. R.C. 3745.06. In the case of new or ongoing violations, appellants may file a verified complaint with the EPA, pursuant to R.C. 3745.08. These avenues for protecting the interests of Cuyahoga Falls still remain and have not been impaired by the filing of the consent order in this case.
In light of the foregoing, we find that the trial court did not abuse its discretion in denying Cuyahoga Falls' motion to intervene in the proceeding in question. The assignment of error is overruled.
Cuyahoga Falls' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., BATCHELDER, J. CONCUR.
[1] The record does not reflect the date that the parties submitted the consent order to the trial court for its approval. Additionally, the consent order was not included in the record transmitted to this court.
[2] Although the State argued these facts, regarding the Ohio EPA's determination, in its response before the trial court, there are no documents included in the record that support this proposition.