AMERICAN OUTDOOR ADVERTISING COMPANY, L.L.C., Appellant,

v.

FRANKLIN TOWNSHIP BOARD OF ZONING APPEALS, Appellee.

[Cite as *Am. Outdoor Advertising Co., L.L.C. v. Franklin Twp. Bd. of Zoning Appeals*, 177 Ohio App.3d 131, 2008-Ohio-3063.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2007–P–0103.

Decided June 20, 2008.

132

Richard T. Lauer, for appellant.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellee.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellant, American Outdoor Advertising Company, L.L.C., appeals from the judgment of the Portage County Court of Common Pleas affirming the Franklin Township Board of Zoning Appeals ("BZA") decision denying appellant's application for a variance. For the reasons discussed below, the judgment of the trial court is reversed and vacated.

{¶ 2} Appellant leased several properties in Franklin Township, Ohio, for use as sites for erecting billboards. Each site is located in commercial or industrial zoning districts. After entering the leases, appellant, through one of its agents, contacted the township and requested sign-permit application forms. The township's zoning inspector, Sam Abell, advised appellant's agent that no written application was required. Instead, he preferred to gather relevant information over the telephone, consult the Franklin Township Zoning Resolution ("FTZR"), and make his determination as to whether the proposed land use was permitted under the FTZR.

{¶ 3} Abell considered the application information and concluded that appellant's proposed signage was prohibited under FTZR Section 501.3.C, which provides, "No billboards shall be erected, constructed or maintained in Franklin Township, Portage County, Ohio." After receiving news of the decision, appellant contacted Abell and pointed out that Section 501.3.C stood in ostensible conflict with R.C. 519.20, the statute governing a township's ability to regulate outdoor advertising. Appellant asserted that the statute precludes a township from enacting legislation that functions to absolutely ban billboards so long as they are erected in districts zoned for industry, business, or trade. As a result, appellant concluded that Section 501.3.C was unconstitutional. In response, Abell wrote:

{¶ 4} "All the legal information that you have sent me is interesting from an academic point of view but I am bound by our zoning resolution.

{¶ 5} "The administrative remedy for a denial of a zoning certificate is for the individual being denied to apply for a variance. At the variance hearing you could present all your reasons why the Board should grant you a variance. I sent you the application form for a variance in a previous communication. If you

choose not to apply for a variance I see no benefit in continuing communication with your company. If the English Language makes any sense at all it seems clear to me that your options in this situation have been made clear to you."

{¶ 6} Appellant subsequently applied for a variance. At a November 6, 2006 hearing before the BZA, appellant, via counsel, argued that billboard advertising should be allowed because its prohibition flies in the face of R.C. 519.20 and, moreover, violated appellant's right to free speech. That is, the resolution functioned to arbitrarily regulate both commercial and noncommercial speech based upon its content.[1] Pursuant to a prepared memorandum, counsel further pointed out that "the Board's enforcement of this unlawful restriction on the use of private property would cause the Applicants to suffer significant hardship because they would have no choice but to pursue expensive and time-consuming legal remedies in order to exercise the same rights and privileges granted similarly situated residents of other Ohio townships."

{¶ 7} During the hearing, the BZA took statements and testimony from various members of the community who voiced their concerns that billboards in the proposed area could be distracting to motorists, a situation that would thereby increase the number of accidents. Several community members also objected to the possibility of erecting the billboards based upon aesthetic reasons, i.e., that their construction would facilitate a form of urban blight unbefitting the land-scape.

{¶ 8} After the meeting, the BZA unanimously denied appellant's application for a variance. On December 4, 2006, appellants filed an administrative appeal, pursuant to R.C. Chapter 2506, to the Portage County Court of Common Pleas. In its notice of appeal, appellant asserted that the BZA's decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, and unsupported by the preponderance of the substantial, reliable, and probative evidence on the record as a whole." In its brief, appellant reasserted its primary argument that Section 501.3.C, prohibiting billboards, was unconstitutional because it directly conflicted with R.C. 519.20. Additionally, appellant reiterated its First Amendment argument alleging that Section 501.3.C is unconstitutional because it regulates signage based upon the content of the speech appearing on the sign.

{¶ 9} In its May 10, 2007 response brief, the BZA properly pointed out that constitutional issues cannot be resolved by a board of zoning appeals. The BZA

---

1. Appellant's free-speech assertion is derivative of the following definition, set forth under FTZR Section 501.2.B: " 'Billboard or Signboard' shall mean any structure or portion thereof, situated on private premises, on which lettered, figured or pictorial matter is displayed for advertising purposes, other than the name and occupation of the user of the premises or the nature of the business conducted thereon or the products primarily sold or manufactured thereon."

recognized that the resolution of such issues falls within the exclusive province of the court of common pleas.[2]  Because the BZA was not the proper forum to raise the issues alleged by appellant, they did not bear on the validity of its decision. However, in relation to these issues, the BZA asserted that the FTZR did not conflict with the R.C. 519.20 because even though it prohibits billboards, it nevertheless permits various other modes of "outdoor advertising in districts zoned for industry, business and trade."  The BZA further asserted that Section 501.3.C was a reasonable restriction on free speech permitted in the context of zoning.  Finally, the BZA argued that appellant failed to demonstrate "any form of unnecessary hardship."  As a result, the BZA underscored that its decision was consistent with the FTZR and supported by the evidence adduced at the November 6, 2006 hearing.

{¶ 10} On May 31, 2007, appellant filed a response brief in which it took issue with the BZA's contention that it failed to argue that a denial of a variance would cause it significant hardship.  Nevertheless, appellant asserted that the hardship argument was irrelevant to its appeal because it was not requesting the court to compel the BZA to issue a variance.  Rather, appellant was seeking an order ruling Section 501.3.C illegal, unconstitutional, and unenforceable.

{¶ 11} On October 23, 2007, the Portage County Court of Common Pleas issued its decision affirming the BZA's decision.  In its order and journal entry, the court merely addressed the propriety of the BZA's decision as it related to the factual evidence received at the November 6, 2006 hearing.  Specifically, the court concluded:

{¶ 12} "It is manifestly clear that the BZA based its denial squarely on traffic safety concerns.  Appellant's argument to this Court fails to demonstrate how the BZA's decision is anything other than appropriate and lawful as a matter of law."

{¶ 13} The trial court neither analyzed nor commented upon the legal arguments related to the alleged conflict between Section 501.3.C and R.C. 519.20, nor did it touch on appellant's First Amendment challenge.  It is from this order that appellant now appeals.

{¶ 14} Under its first assignment of error, appellant argues:

■   {¶ 15} "The trial court erred as a matter of law when it affirmed the Board's decision because the resolution directly conflicts with state law and, therefore, is unconstitutional, illegal, and unenforceable."

---

**2.**  Through this acknowledgement, the BZA tacitly conceded that any constitutional issues submitted for administrative review were properly before the court of common pleas.

{¶ 16} Initially, we point out that townships of Ohio have no inherent or constitutionally granted police power, the power upon which zoning legislation is premised. *Bainbridge Twp. Bd. of Trustees v. Funtime, Inc.* (1990), 55 Ohio St.3d 106, 108, 563 N.E.2d 717. "Whatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute." *Yorkavitz v. Columbia Twp. Bd. of Trustees* (1957), 166 Ohio St. 349, 351, 2 O.O.2d 255, 142 N.E.2d 655. It is therefore axiomatic that a township zoning resolution may not stand in conflict with the general legislation that enables its existence. See id. The test to determine whether a conflict exists between a township's zoning resolution and a general law of the state is "whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa." *Fondessy Ents., Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797, paragraph two of the syllabus.

{¶ 17} Under its first assignment of error, appellant argues that Section 501.3.C stands in conflict with R.C. 519.20 to the extent that it absolutely prohibits a form of outdoor advertising that the general statute expressly permits.[3]

{¶ 18} R.C. 519.20 states that "outdoor advertising shall be classified as a business use and be permitted in all districts zoned for industry, business, or trade, or lands used for agricultural purposes."

{¶ 19} Alternatively, Section 501.3.C provides:

{¶ 20} "No billboards shall be erected, constructed or maintained in Franklin Township, Portage County, Ohio."

{¶ 21} In *Hasman v. Genesis Outdoor, Inc.*, 11th Dist. No. 2002–G–2416, 2003-Ohio-923, 2003 WL 680175, this court held that a section of a township zoning resolution that absolutely prohibited billboards conflicted with the permissive uses of land set forth in R.C. 519.20. In *Hasman*, Genesis filed an application with Parkman Township for a zoning certificate to construct a billboard on a parcel of private property. The township denied the request, citing a section of

---

3. Both appellant and appellee seem to agree that the issue relating to whether the FTZR conflicts with a general Ohio law is a matter of constitutional dimension. It is not. As indicated supra, a township may create zoning resolutions only via the enabling statutes drafted by the General Assembly. A township in Ohio has no police powers conferred through Ohio's Constitution and can therefore enact zoning legislation only by virtue of R.C. Chapter 519. Conflicts between zoning legislation and general laws are constitutional in nature when the zoning ordinance or resolution has been enacted by a municipality and the ordinance conflicts with the Ohio Revised Code. See, e.g., Section 3, Article XVIII of the Ohio Constitution, which provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with general laws.*" (Emphasis added.)

the zoning resolution that prohibited "billboard or off-premises advertising." Genesis filed a notice of appeal with the Parkman Township Board of Zoning Appeals, asking for a variance. In its notice of appeal, Genesis asserted that the section prohibiting billboard or off-premises advertising was unconstitutional because it conflicted with R.C. 519.20. The board held a hearing, after which it granted Genesis a variance.

{¶ 22} The Parkman Township Zoning Inspector subsequently filed a complaint for declaratory judgment and injunctive relief. In his complaint, the inspector alleged that although the board had granted Genesis a variance, the company had built a billboard that did not conform to the original request. Genesis responded by filing an answer and a third-party complaint. The company asked the trial court to declare the township zoning resolution prohibiting billboards and other off-premise advertising unconstitutional and in conflict with R.C. 519.20. The trial court conducted a bench trial and concluded that the portion of the resolution at issue stood in conflict with R.C. 519.20. Based upon this determination, the trial court ordered the township to create a valid framework allowing outdoor advertising. In affirming the trial court's decision, this court determined:

{¶ 23} "[W]e do not dispute * * * that a township can validly regulate the construction of billboards or other off-premises advertising. However, the power to regulate does not authorize a township to arbitrarily apply its zoning resolutions in an attempt to limit or otherwise interfere with a permissible use of property, i.e., a use allowed under R.C. 519.20" Id. at ¶ 12.

{¶ 24} Although the foregoing holding was a product of a declaratory action, this distinction does not affect its applicability to the question before us in the instant matter. Here, as in *Hasman*, the FTZR absolutely prohibits billboards. However, R.C. 519.20 permits outdoor advertising for business use "in all districts zoned for industry, business, or trade * * *." The BZA does not dispute that a billboard is a form of outdoor advertising. With these premises in mind, we conclude that the prohibition set forth in Section 501.3.C of the FTZR is in direct conflict with the permissible uses of lands codified under R.C. 519.20. Framed in the chosen vernacular of the Supreme Court of Ohio, Section 501.3.C forbids or prohibits that which the general law clearly permits or licenses. See *Fondessy Ents., Inc.*, 23 Ohio St.3d at 217, 23 OBR 372, 492 N.E.2d 797. As a result, we hold that Section 501.3.C of the FTZR, as currently drafted, is overly broad and therefore void.

{¶ 25} Appellant's first assignment of error is therefore sustained.

{¶ 26} Appellant's second assignment of error states:

{¶ 27} "The trial court erred as a matter of law when it affirmed the Board's decision because the resolution is an unconstitutional content-based restriction on American's right of free speech as guaranteed by the First Amendment."

{¶ 28} We first point out that issues relating to the constitutionality of a zoning resolution are not within the scope of review of a board of zoning appeals. *Brown v. Painesville Twp. Bd. of Zoning Appeals*, 11th Dist. No. 2004–L–047, 2005-Ohio-5608, 2005 WL 2709586, at ¶ 26. Rather, original jurisdiction to test the constitutionality of a resolution rests in judicial review. *Pacific Financial Servs. of Am. Inc. v. Deerfield Twp. Bd. of Zoning Appeals* (Nov. 17, 1989), 11th Dist. No. 1997, 1989 WL 140165, *2. Consequently, "[t]he court is not reviewing the decision of the Board, but rather is testing the ordinances of the governmental body against the State and Federal constitutions. The issue is presented in the same matter before the court whether raised by administrative appeal or declaratory judgment." *SMC, Inc. v. Laudi* (1975), 44 Ohio App.2d 325, 330, 73 O.O.2d 378, 338 N.E.2d 547

{¶ 29} Like appellant's conflict challenge, the trial court did not address appellant's free-speech arguments on administrative appeal. Even though the BZA had no authority to consider their impact, the arguments were already part of the record of the proceedings before the BZA because appellant had continuously asserted them throughout the proceedings. We shall also abstain from addressing as well as ruling on the relative merits of appellant's constitutional arguments. Our decision is not prompted by choice, but by legal necessity. It is well settled that courts will reach constitutional questions only when absolutely necessary. *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114, citing *State ex rel. BSW Dev. Group v. Dayton*, (1998), 83 Ohio St.3d 338, 345, 699 N.E.2d 1271. Because appellant's first assignment of error was sustained, Section 501.3.C has been held void as currently written. As a result, any analysis of its impact upon free speech would be purely gratuitous and completely unnecessary.

{¶ 30} Appellant's second assignment of error is therefore moot.

{¶ 31} Appellant's third assignment of error alleges:

{¶ 32} "The trial court erred when it affirmed the Board's decision because the Board's decision was not supported by any reliable probative or substantial evidence."

{¶ 33} Appellant did not make this argument before the trial court. Rather, appellant set forth only its conflict and constitutional arguments. Because the trial court did not have a specific opportunity to hear this argument, the issue is waived. However, even had the argument been properly raised, any analysis of

whether the trial court's determination was unsupported would be purely academic due to our resolution of appellant's first assignment of error. Similar to appellant's second assignment of error, appellant's final assignment of error is therefore moot.

{¶ 34} For the reasons discussed above, appellant's first assignment of error is sustained. As a result, appellant's second and third assignments of error are moot. Because FTZR Section 501.3.C is void, the decision of the Portage County Court of Common Pleas is reversed and vacated.

Judgment accordingly.

O'TOOLE and CANNON, JJ., concur.