[Cite as *Genesis Outdoor, Inc. v. Poland Twp. Bd. of Zoning Appeals*, 2013-Ohio-1425.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GENESIS OUTDOOR, INC., | ) | |
| | ) | CASE NO. 12 MA 11 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| POLAND TOWNSHIP BOARD OF | ) | |
| ZONING APPEALS, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Common Pleas
Court, Case No. 08 CV 1836.

JUDGMENT:    Affirmed.

APPEARANCES:
For Plaintiff-Appellant:    Attorney Jeffrey Kurz
42 N. Phelps Street
Youngstown, OH 44503

For Defendants-Appellees:    Attorney Paul J. Gains
Prosecuting Attorney
Attorney Donald A. Duda, Jr.
Assistant Prosecuting Attorney
c/o Mahoning County Sanitary Dept.
761 Industrial Road
Youngstown, OH 44509

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 26, 2013

DeGenaro, P.J.

{¶1} Plaintiff-Appellant, Genesis Outdoor, Inc. appeals a January 12, 2012 judgment of the Mahoning County Court of Common Pleas, overruling objections to a magistrate's decision and granting judgment in favor of Defendants-Appellees Poland Township Board of Zoning Appeals and Robert Monus, Poland Township Zoning Director, in action for declaratory and injunctive relief challenging the validity of a township zoning resolution concerning billboards. On appeal, Genesis argues that the trial court erroneously ruled in favor of Appellees because the challenged resolution conflicts with R.C. 519.20 and violates the First and Fourteenth Amendments to the U.S. Constitution.

{¶2} Genesis' arguments are meritless. The zoning resolution is not an outright ban on billboards and therefore does not conflict with R.C. 519.20. Further, the resolution is not a content-based restriction on speech and does not implicate First Amendment concerns. The zoning resolution is constitutional on its face; Genesis has failed to prove there is no substantial relation between the zoning regulation and the public health, safety, morals, or general welfare of the community. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} Genesis entered into contracts with several Poland Township landowners to erect "outdoor advertising billboards" on their respective properties, which were all zoned either "BP" Business Park; "TC" Town Center; or OF "Office Park." The Poland Township Zoning Resolution permits billboards in those zoning districts but mandates a 130-foot setback for the billboards and also provides mounting and size restrictions. Pertinent portions of the zoning resolution are as follows:

Section 7.31 Sign Regulations
1. Purpose:
    The sign regulations are designed to protect property values, to create a more attractive economic and business climate, to enhance and protect the physical appearance of the community, and to promote the safety of travelers on roadways by regulating the use, location, and size of outdoor advertising and signs of all types.

2. General Provisions:

The following regulations shall apply to all signs in zoning districts, except AG Agricultural Districts:

a.     A sign other than a nameplate advertising a product or service shall be permitted only on the premises where such product or service is sold or available.

\* \* \*

i.     All signs, except directional signs, shall maintain a ten-foot (10') setback from any street right-of-way line or side lot line.

(PTZR 7.31(1), (2)(a), (2)(i)).

**{¶4}**   Other subsections under the "General Provisions" not quoted above provide additional restrictions concerning, inter alia, use of illuminated signs, use of pennants, banners, streamers and the like, and maintenance of the signs.  PTZR 7.31(2).

**{¶5}**   The resolution then goes on to describe different types of signs that require a zoning permit, PTZR 7.31(3), and those that do not PTZR 7.31(4).  With the exception of subdivision entryway signs (which can be up to 96 square feet of space on a wall at the entry of a subdivision with more than 50 lots), these other signs are relatively small, ranging from 4 to 36 square feet. Signs that are not otherwise subject to a specific provision in the resolution "shall not exceed four (4) square feet in area."  PTZR 7.31(4)(f).

**{¶6}**   Finally, the resolution provides several limitations that deviate from the General Provisions.  It is in this section that the specific provision regarding billboards is found:

Limitation of this Section:

The Ohio Revised Code confers limited authority upon the Township to

regulate the following types of signs:

a. Signs erected and maintained pursuant to and in discharge of any governmental function, or required by any law, ordinance, or governmental regulation, are hereby exempt from meeting the sign regulations in this Resolution.

b. Signs along the Federal Interstate Highway System and primary Federal, State and County highways shall comply with the applicable Sections of the Ohio Revised Code, and Resolutions adopted thereto, in addition to complying with the applicable Articles and Sections of this Resolution.

c. *Billboards permitted in AG Agricultural, (OF) Office, (TC) Town Center, or (BP) Business Park Districts only; not to exceed two-hundred (200) square feet; must be pole mounted with a minimum ground clearance of ten (10) feet, maximum structural height of Twenty-five (25) feet. No part of the sign or supporting structure shall extend beyond the Allowable Building Area. (10/13/2005).*

PTZR 7.31(7), emphasis added.

**{¶7}** The "Allowable Building Area" referenced in PTZR 7.31(7)(c) is defined in PTZR 4.14, Schedule of District Regulations, BP Business Park, OF Office Park and TC Town Center and all read in pertinent part: "Minimum Yard Setback: 130 feet." This set back limitation applies to all occupied structures, garages, storage buildings and billboards alike.

**{¶8}** Genesis applied for variances with the BZA requesting relief from the set-back requirement for billboards. The variances were denied and instead of appealing those, on April 30, 2008, Genesis filed a complaint in the Mahoning County Court of Common Pleas requesting declaratory and injunctive relief, and asserting that PTZR 7.31 should be declared invalid and unconstitutional "on its face." Genesis later filed an Amended Complaint on December 26, 2008, and Appellees filed an Answer on March 31,

2009. The magistrate set a briefing schedule for the matter and on June 30, 2010, Appellees filed a dispositive brief, attached to which were applicable provisions of the PTZR. On August 27, 2010, Genesis filed a dispositive brief and brief in opposition. Attached to Genesis' brief were: a transcript of the deposition of Appellee Zoning Inspector Robert Monus, the variance applications to the BZA, photographs and zoning ordinances and resolutions from neighboring communities.

{¶9} On January 21, 2011, the magistrate issued a decision ruling in favor of Appellees concluding the resolution was neither unlawful nor unconstitutional. Genesis filed objections and Appellees responded.

{¶10} Arguments were heard in chambers on the objections and on September 6, 2011, the trial court issued a judgment entry concluding it lacked jurisdiction to render declaratory relief because the Ohio Attorney General was not named as a party or served with a copy of the complaint. Genesis filed a motion for reconsideration on September 8, 2011, asserting that since the defendant in the matter is a township, not a municipal corporation, that the Ohio Attorney General need not be served. *See* R.C. 2721.12(A). Genesis also filed a notice of appeal from that judgment and Appellees a cross-appeal.

{¶11} This court remanded the case to the trial court to decide the pending motion for reconsideration and objections. The trial court concluded its prior judgment was in error; that the Attorney General need not be named as a party when the declaratory judgment action involves a township and vacated its previous order. Genesis' objections to the magistrate's decision was set for a non-oral hearing. On January 12, 2012, the trial court overruled Genesis' objections and adopted the magistrate's January 21, 2011 decision. Genesis filed a timely notice of appeal from that judgment on January 17, 2012; the earlier appeal and cross-appeal were dismissed

### R.C. 519.20

{¶12} In its first of two assignments of error, Genesis asserts:

{¶13} "The Trial Court erred as a matter of law when it affirmed the magistrate's decision because PTZR §7.31 directly conflicts with ORC §519.20 and, therefore, is unconstitutional, illegal, and unenforceable."

**{¶14}** As an initial matter, although both sides frame this assignment of error as a constitutional issue, it is not. In *Am. Outdoor Advertising Co., L.L.C. v. Franklin Twp. Bd. of Zoning Appeals,* 177 Ohio App.3d 131, 2008-Ohio-3063, 894 N.E.2d 78 (11th Dist.), the appellant also challenged a township billboard zoning resolution as violative of R.C. 519.20, and the Eleventh District concluded that this was not a constitutional argument:

Both appellant and appellee seem to agree that the issue relating to whether the FTZR conflicts with a general Ohio law is a matter of constitutional dimension. It is not. A township may create zoning resolutions only via the enabling statutes drafted by the General Assembly. A township in Ohio has no police powers conferred through Ohio's Constitution and can therefore enact zoning legislation only by virtue of R.C. Chapter 519. Conflicts between zoning legislation and general laws are constitutional in nature when the zoning ordinance or resolution has been enacted by a municipality and the ordinance conflicts with the Ohio Revised Code. *See, e.g.*, Section 3, Article XVIII of the Ohio Constitution, which provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with general laws*." (Emphasis added.)

*Id.* at ¶17, fn. 4.

**{¶15}** That said, Chapter 519 of the Revised Code governs township zoning and R.C. 519.20 provides: "[f]or the purposes of sections 519.02 to 519.25, inclusive, of the Revised Code, outdoor advertising shall be classified as a business use and be permitted in all districts zoned for industry, business, or trade, or lands used for agricultural purposes."

**{¶16}** Genesis asserts that PTZR 7.31 conflicts with R.C. 519.20 and is therefore unenforceable. Genesis cites *Am. Outdoor Advertising, supra,* and *Hasman v. Genesis Outdoor, Inc.,* 11th Dist. No. 2002-G-2416, 2003-Ohio-923, in support of its argument.

**{¶17}** In *Am. Outdoor Advertising*, the challenged resolution provided: "No billboards shall be erected, constructed or maintained in Franklin Township, Portage County, Ohio." *Id.* at ¶3. Similarly, in *Hasman*, the challenged resolution prohibited off-premises or billboard advertising. *Id.* at ¶2. Although the cases had different procedural postures, the Eleventh District held that both resolutions conflicted with R.C. 519.20. *Hasman* at ¶10; *Am. Outdoor Advertising* at ¶24.

**{¶18}** *Hasman* and *Am. Outdoor Advertising* are distinguishable from this case, because the resolutions at issue in those cases, *completely prohibited* billboard advertising in the respective townships. By contrast PTZR 7.31 acknowledges that the township's ability to restrict billboards is limited by Ohio law and provides reasonable regulations concerning size, yard set-backs and mounting of the structures. Notably, the Eleventh District recognized in the above cases that a township *may validly regulate* the construction of billboards or other off-premises advertising. *Hasman* at ¶12; *Am. Outdoor Advertising* at ¶23. It was the complete prohibition of billboards that conflicted with R.C. 519.20. *Id.*

**{¶19}** Genesis argues that in practice PTZR 7.31 completely bans billboard advertising. The evidence presented demonstrates otherwise. Genesis concedes that it would be possible to erect billboards on several of the subject properties. Although this might require some interference with existing structures on those properties, whether or not to make those changes is a business decision left up to the property owners. In addition, the fact that other neighboring townships and municipalities have lesser set-back requirements does not have any bearing on the issues in this case. In short, PTZR 7.31 does not ban billboard advertising in Poland Township, either by operation of law or in practice. Thus, PTZR 7.31 does not conflict with R.C. 519.20. Accordingly, Genesis' first assignment of error is meritless.

## First Amendment

**{¶20}** In its second and final assignment of error, Genesis asserts:

**{¶21}** "The Trial Court erred as a matter of law when it affirmed the magistrate's decision because PTZR §7.31 is an unconstitutional content-based restriction that

violates the First and Fourteenth Amendments, and Appellee has the burden of proving that it has a <u>substantial interest</u> to be achieved by its restrictions."

**{¶22}** Appellees assert that Genesis has waived any First Amendment claim by failing to specifically plead it in its amended complaint or argue it to the trial court. This argument is meritless.

**{¶23}** Ohio is a notice pleading state as demonstrated by Civ.R. 8(A), which provides that a party states a claim for relief if the complaint contains "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." "A party is not required to plead the legal theory of recovery." *Mounts v. Ravotti*, 7th Dist. No. 07 MA 182, 2008-Ohio-5045, ¶24, citing *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994). A complaint alleges the elements of the claim with sufficient particularity if it gives reasonable notice of the claim to opposing parties. *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court*, 87 Ohio St.3d 118, 120, 717 N.E.2d 701 (1999).

**{¶24}** Moreover, Civ.R. 8(F) provides that pleadings should be so construed as to "do substantial justice." "The rules make it clear that a pleader is not 'bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.' " *Illinois Control* at 526, quoting McCormac, Ohio Civil Rules Practice (2d Ed.1992) 102, Section 5.01. Thus, "[t]he object is not absolute technical conformity, but substantial justice." *Kramer v. Angel's Path, L.L.C.,* 174 Ohio App.3d 359, 882 N.E.2d 46, 2007-Ohio-7099, ¶13.

**{¶25}** Although Genesis' Amended Complaint does not specifically cite the First Amendment, it does cite the Fourteenth Amendment which is the vehicle by which the First Amendment applies to the states. *Gitlow v. New York,* 268 U.S. 652, 666, 45 S.Ct. 625, 69 L.Ed. 1138 (1925). Further, the substance of the assertions in the Amended Complaint is enough to put Appellees on notice of the First Amendment claim. Specifically, paragraph 10 of the Amended Complaint states in pertinent part that the ordinance [sic] is a "de facto prohibition * * * against outdoor advertising," and that the

resolution "is unconstitutional in that it is based on an unreasonable and arbitrary classification that creates an essential ban on outdoor advertising in the Township of Poland * * *."

{¶26} Turning to the substance of this assignment of error, Genesis asserts that PTZR 7.31 is an unconstitutional content-based restriction on commercial speech. Again this is a legal issue which is reviewed de novo. *See Hood v. Rose*, 153 Ohio App.3d 199, 2003-Ohio-3268, 792 N.E.2d 736, ¶12, citing *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998).

{¶27} The First Amendment to the United States Constitution provides that "Congress shall make no law * * * abridging the freedom of speech * * *." The limitation of the First Amendment is applicable to the states and to political subdivisions of the states by virtue of the Fourteenth Amendment. *City of Painesville Bldg. Dept. v. Dworken & Bernstein Co., L.P.A.,* 89 Ohio St.3d 564, 566, 733 N.E.2d 1152 (2000), citing *Gitlow, supra*; *Lovell v. City of Griffin*, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1938).

{¶28} Genesis' attempt to make a free speech issue out of the zoning resolution in this case is misguided. As it relates to billboard advertisements, the resolution does not control the communicative aspects of the medium. As the Ohio Supreme Court explained *in Norton Outdoor Advertising, Inc. v. Village of Arlington Hts.*, 69 Ohio St.2d 539, 433 N.E.2d 198 (1982): "the control of the non-communicative aspects of the medium is a legitimate governmental interest. * * * However, the First and Fourteenth Amendments to the United States Constitution and Section 11, Article I of the Ohio Constitution foreclose a similar interest in controlling the communicative aspects." *Id.* at 200, citing *Metromedia, Inc., v. San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981).

{¶29} Both *Norton Outdoor Advertising* and *Metromedia* are distinguishable because the ordinances at issue in those cases *do* control the communicative aspects of the medium; they are content-based restrictions. *Metromedia* dealt with an ordinance that expressly permitted onsite commercial billboards but prohibited noncommercial and offsite commercial billboards. *Metromedia* at 503. This clearly presented a content-based distinction. Similarly, *Norton Outdoor Advertising* concerned an ordinance that

controlled the subject matter of signs and billboards by prohibiting those that did not contain point-of-sale advertising. *Id.* at 540-541.

{¶30} The resolution here permits billboards in Poland Township and does not qualify the types of content they may provide. The resolution limits the size and provides structural requirements, along with a set-back requirement. Such requirements are not content based.

{¶31} A separate section of the PTZR controls other, non-billboard types of signs, providing less stringent set-back requirements and generally limiting any advertising on that signage to goods and services sold or available on the premises. However, those provisions are not implicated here. They control signs that are much smaller, generally anywhere from 4 to 36 square feet, most of which are ancillary to the business use of the property. PTZR 7.31(2).

{¶32} The billboard zoning requirements are set forth in a separate section of the PTZR, which expressly recognizes that the township has limited authority to regulate outdoor advertising under Ohio law. The billboard provision does not control the communicative aspects of the billboards. Again, it provides: "Billboards permitted in AG Agricultural, (OF) Office, (TC) Town Center, or (BP) Business Park Districts only; not to exceed two-hundred (200) square feet; must be pole mounted with a minimum ground clearance of ten (10) feet, maximum structural height of Twenty-five (25) feet. No part of the sign or supporting structure shall extend beyond the Allowable Building Area. (10/13/2005)." PTZR 7.31(7)(c)

{¶33} Genesis' main challenge to the billboard resolution concerns the set-back requirement, which as discussed, is 130 feet in Business Park, Office Park and Town Center zones. PTZR 4.14. However, this set-back requirement applies equally to all structures: occupied buildings, garages, storage buildings and billboards alike.

{¶34} "A zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Goldberg Cos., Inc. v. Richmond Hts. City Council*, 81 Ohio St. 3d 207, 208, 690 N.E.2d 510 (1998), syllabus.

Further, the "[t]he party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate." *Id.* at 209, citing *Cent. Motors Corp. v. Pepper Pike*, 73 Ohio St.3d 581, 584, 653 N.E.2d 639 (1997); *Mayfield–Dorsh, Inc. v. South Euclid*, 68 Ohio St.2d 156, 157, 429 N.E.2d 159 (1981).

{¶35} Here the billboard resolution is not clearly arbitrary or unreasonable. Genesis has failed to prove there is no substantial relation between the regulation and the public health, safety, morals, or general welfare of the community. Rather, as Appellees argue, the resolution merely sets reasonable set-back requirements for structures as permitted by law. Accordingly, Genesis' second assignment of error is also meritless.

{¶36} In conclusion, Genesis' assignments of error are meritless. The zoning resolution is not an outright ban on billboards and therefore does not conflict with R.C. 519.20. Further, the resolution is not a content-based restriction on speech and does not implicate First Amendment concerns. The zoning resolution is constitutional on its face; Genesis has failed to prove there is no substantial relation between the zoning regulation and the public health, safety, morals, or general welfare of the community. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.