[Cite as *Senuta v. Boston Twp.*, 2024-Ohio-4661.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PETER SENUTA

    Appellant

    v.

BOSTON TOWNSHIP, et al.

    Appellees

C.A. No.    30798

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2022-08-2872

DECISION AND JOURNAL ENTRY

Dated: September 25, 2024

CARR, Judge.

**{¶1}** Appellant, Peter Senuta, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

**{¶2}** Senuta is the owner of a piece of real estate located in Boston Township. The property is situated between State Route 8 and Cleveland-Akron Road, placing it within the Township's business corridor zoning district. In the summer of 2020, Senuta began taking steps to erect two double-sided billboards on the portion of the property facing State Route 8. The billboard located at the northern end of the property would be a static sign and the billboard located at the southern end of the property would be a digital sign.

**{¶3}** In August 2020, Senuta successfully obtained conditional permits for advertising devices from the Ohio Department of Transportation ("ODOT"). Thereafter, Senuta sought to obtain a zoning certificate from the Township. Specifically, Senuta submitted both a permanent

sign application as well as a business corridor zoning district application. The Zoning Inspector denied the applications on the basis that Senuta's plan failed to comply with multiple sections of the Township's Zoning Resolution. Senuta filed a notice of appeal to the Board of Zoning Appeals ("BZA"). After a hearing, the BZA upheld the denial of the applications.

{¶4} Senuta filed an administrative appeal of the BZA's decision to the Summit County Court of Common Pleas pursuant to R.C. 2506.01. The trial court subsequently issued a decision affirming the BZA's decision.

{¶5} Senuta filed a timely notice of appeal. Now before this Court, Senuta raises four assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN AFFIRMING THE BOSTON TOWNSHIP BOARD OF ZONING APPEALS' DENIAL OF APPELLANT'S BILLBOARD APPLICATIONS TO THE EXTENT BASED ON TOWNSHIP ZONING RESOLUTION SECTION 1201.02, WHICH PROHIBITS SIGNS THAT CHANGE COLOR, BECAUSE THE BILLBOARDS ARE IN FULL COMPLIANCE WITH ODOT REGULATIONS AND THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT THE CONCLUSION THAT THE PROPOSED DIGITAL BILLBOARD CHANGES COLORS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN RELYING ON RESOLUTION SECTION 1203.03, WHICH PROHIBITS SIGNS FROM BEING A PREMISES'S PRINCIPAL USE, AND RESOLUTION SECTION [1201.07(h)], WHICH PROHIBITS SIGNS THAT ADVERTISE SERVICES AND GOODS SOLD OFF-PREMISES, TO AFFIRM THE BOSTON TOWNSHIP BOARD OF ZONING APPEALS' DENIAL OF APPELLANT'S BILLBOARD APPLICATIONS BECAUSE THEY DIRECTLY CONFLICT WITH [R.C.] 519.20.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION IN AFFIRMING THE BOSTON TOWNSHIP BOARD OF ZONING APPEALS' DENIAL OF

APPELLANT'S BILLBOARD APPLICATIONS ON THE BASIS THAT APPELLANT'S BILLBOARDS WOULD VIOLATE SECTION [1201.07(g)] OF THE TOWNSHIP ZONING RESOLUTION, WHICH PROHIBITS BILLBOARDS UNLESS OTHERWISE PERMITTED BY LAW.

**{¶6}** In his first assignment of error, Senuta argues that the trial court erred in affirming the denial of his applications on the authority of Section 1201.02 of the Township's Zoning Resolution. In his second assignment of error, Senuta maintains that the trial court erred in concluding that Section 1201.03 and Section 1201.07(h) of the Township's Zoning Resolution are not in conflict with R.C. 519.20. In his fourth assignment of error, Senuta argues that the trial court rendered an erroneous interpretation of Section 1201.07(g) of the Township's Zoning Resolution. Given the interrelated issues presented by these assignments of error, we consolidate them in order to facilitate review.

Standard of Review

**{¶7}** "In an administrative appeal initiated under R.C. Chapter 2506, the common pleas court is authorized to reverse a final decision of a board of zoning appeals if, after a review of the complete record, it finds that the board's 'decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.'" *Willow Grove, Ltd. v. Olmstead Twp. Bd. of Zoning Appeals*, 169 Ohio St.3d 759, 2022-Ohio-4364, ¶ 16, quoting R.C. 2506.04. "The common pleas court's decision may then be appealed on questions of law." *Willow Grove Ltd.* at ¶ 16. Thus, "an appellate court's review of a common pleas court's decision on appeal from a zoning authority is 'narrower and more deferential to the lower court's decision.'" *Id.* at ¶ 17, quoting *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25. "When reviewing a trial court's decision in an administrative appeal, this Court must determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and

substantial evidence." *Penfield Twp. v. Shrader*, 9th Dist. Lorain No. 21CA011754, 2022-Ohio-2258, ¶ 11. This Court will apply a de novo standard of review when a zoning appeal presents a purely legal question. *N. Fork Properties v. Bath Twp.*, 9th Dist. Summit No. 21597, 2004-Ohio-116, at ¶ 9.

Background

{¶8}    As noted above, Senuta filed multiple applications for a zoning certificate after he had obtained conditional permits from ODOT, which specified that his proposed billboards were in compliance with the regulations promulgated pursuant to R.C. Chapter 5516. The Zoning Inspector denied Senuta's applications for a zoning certificate on the grounds that the proposed billboards violated several provisions contained in Chapter 12 of the Boston Township Zoning Resolution, which regulates the erection of signage within the Township. After conducting a hearing where Senuta was afforded the opportunity to present evidence and offer testimony, the BZA affirmed the denial of Senuta's applications.

{¶9}    Senuta appealed the BZA's decision to the trial court. After the complete administrative record was filed with the trial court, the parties submitted briefs detailing their respective positions on a variety of issues. Senuta's main contention throughout this case has been that several provisions in the Township's zoning resolution conflict with R.C. 519.20, which states that "outdoor advertising shall be classified as a business use and be permitted in all districts zoned for industry, business, or trade, or lands used for agricultural purposes." The following provisions from the Zoning Resolution were discussed extensively throughout the proceedings below:

1200    Purpose

It is the purpose of these sign regulations to permit the use of signs as a means of communication in the Township; to maintain and enhance the natural and manmade environment; to minimize the possible adverse effects of signs on nearby public

and private property; and to enable the fair and consistent enforcement of these sign regulations.

\* \* \*

1201.02  No sign shall have animation, moving parts, flashing lights or changing colors, except part of a sign, which by means of changes in copy or moving parts, indicates time or temperature only.

1201.03 No sign shall be permitted as the principal use, unless otherwise permitted by law, on a premises. Signs shall only be permitted as accessory uses.

\* \* \*

1201.07 The following types of signs shall be prohibited:

\* \* \*

g. Billboards, unless otherwise permitted by law.

h. All signs not advertising services or goods sold on premise[s].

\* \* \*[.]

{¶10}  On June 23, 2023, the trial court issued a journal entry affirming the decision of the BZA.  The trial court rejected Senuta's assertion that there was nothing in the record supporting the BZA's conclusion that the billboards would change colors, in violation of Section 1201.02. The trial court cited Senuta's representations at the hearing wherein he admitted that "[t]he only time it would change" was when the digital billboard's face would periodically change, allowing it to project a different message.  The trial court reasoned that a change in the message on the digital billboard would necessarily entail a change in color in order to display the message in violation of Section 1201.02.

{¶11}  In regard to Senuta's contention that Section 1201.07(g) and Section 1201.07(h) violated R.C. 519.20, the trial court found that the zoning regulations did not provide for a complete ban on billboards but instead merely accounted for the Township's ability to regulate billboards as permitted under Ohio law.  Because the Township had not prohibited all billboards,

the trial court concluded that Section 1201.07(g) and Section 1201.07(h) did not violate R.C. 519.20. Similarly, the trial court rejected Senuta's contention pertaining to Section 1201.03 on the grounds that while R.C. 519.20 required outdoor signs to be allowed in outdoor areas, R.C. 519.20 did not eliminate the Township's right to regulate such signs. Emphasizing that Section 1201.03 permitted signs to be used as accessory uses on properties within the Township, the trial court determined that Section 1201.03 did not violate R.C. 519.20. Furthermore, based on its finding that there was nothing in the record indicating that Senuta's property was being used for any other purpose other than the erection of the billboards, the trial court determined that the billboards failed to comply with R.C. 1201.03 and thus were not "otherwise permitted by law."

### Discussion

**{¶12}** Senuta's core assertion on appeal is that Ohio law permits him to erect the billboards in question on his property. Senuta argues that while he has satisfied all of the state law requirements necessary to erect the billboards, the Township has enacted a regulatory scheme which prohibits him from doing what he is explicitly authorized to do under the Ohio Revised Code. Senuta maintains that the Township was preempted from enacting several of the regulatory provisions that the trial court relied on in affirming the BZA's decision that upheld the denial of his applications.

**{¶13}** R.C. 519.20 states that, "[f]or the purposes of sections 519.02 to 519.25, inclusive, of the Revised Code, outdoor advertising shall be classified as a business use and be permitted in all districts zoned for industry, business, or trade, or lands used for agricultural purposes."

**{¶14}** It is important to note that townships in Ohio do not possess any inherent or constitutionally granted police powers. *Bd. of Twp. Trustees of Bainbridge Twp. v. Funtime, Inc.*, 55 Ohio St.3d 106, 108 (1990). "Although R.C. 519.02 grants townships the authority to adopt

zoning resolutions, that authority is circumscribed by statute." *Litchfield Twp. Bd. of Trustees v. Nimer*, 9th Dist. Medina No. 11CA0037-M, 2012-Ohio-5431, ¶ 12, citing *Funtime, Inc*. at paragraphs one and two of the syllabus. "Whatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute." *Yorkavitz v. Bd. of Twp. Trustees of Columbia Twp.*, 166 Ohio St. 349, 351 (1957). Accordingly, township zoning regulations may not stand in conflict with the general laws of the state. *Id.* "A zoning ordinance, rule or resolution which violates an explicit statutory command of the General Assembly is clearly preempted and is therefore invalid and unenforceable." *Newbury Twp. Bd. of Twp. Trustees v. Lomak Petroleum (Ohio), Inc*., 62 Ohio St.3d 387 (1992), at paragraph one of the syllabus.

{¶15} The test to determine whether a Township's zoning resolution is preempted by the general law of Ohio is whether the zoning resolution "permits or licenses that which the [state] statute forbids or prohibits, and vice versa." (Internal quotations and citations omitted.) *Fondessy Ents, Inc. v. Oregon*, 23 Ohio St.3d 213, 217 (1986).

Section 1201.07(h) and Section 1201.03

{¶16} In his second assignment of error, Senuta argues that the trial court erred as a matter of law when it upheld the BZA's decision on the authority of Section 1201.07(h) and Section 1201.03 because those provisions directly conflict with the general law of Ohio set forth in R.C. 519.20. Senuta contends that Section 1201.07(h), which prohibits all signs not advertising services or goods sold on premises, and Section 1201.03, which prohibits signs as the principal use of a premises, effectively prohibit billboards within the Township in contravention of R.C. 519.20.

{¶17} As noted above, the trial court determined that Section 1201.07(h) and Section 1201.03 were not in conflict with R.C. 519.20 because those zoning provisions merely regulate

billboards within the Township. This Court does not agree and concludes that the trial court erred in concluding that Section 1201.07(h) and Section 1201.03 did not conflict with R.C. 519.20. "[Ohio] [c]ourts have struck down zoning ordinances that effected a ban on outdoor advertising, including ordinances that banned off-premises signs." *Summit Locations, LLC v. Bd. of Trustees, Sheffield Twp., Ohio*, N.D.Ohio No. 1:23 CV 779, 2023 WL 6130357, *3 (Sept. 19, 2023), citing *Hasman v. Genesis Outdoor, Inc.*, 11th Dist. Geauga No. 2002-G-2416, 2003-Ohio-923 (11th Dist.) and *Am. Outdoor Advertising Co., LLC v. Franklin Twp. Bd. of Zoning Appeals*, 177 Ohio App.3d 131, 2008-Ohio-3063 (11th Dist.). In the *Summit Locations* decision, the court held that a Township ordinance "which effectively prohibits off-premises advertising[] is in direct conflict with R.C. 519.20[.]" *Summit Locations* at *3. Although Senuta sought to erect the two billboards in the Township's business district, the trial court upheld the denial of his applications based on the ban on off-premises signage contained in Section 1201.07(h) and the primary use provision contained in Section 1201.03. Both Section 1201.07(h) and Section 1201.03 directly conflict with R.C. 519.20, which provides that "outdoor advertising shall be classified as a business use and be permitted in all districts zoned for industry, business, or trade, or lands used for agricultural purposes." While a Township may enact regulations that work in concert with R.C. 519.20, "the power to regulate does not authorize a township to arbitrarily apply its zoning resolutions in an attempt to limit or otherwise interfere with a permissible use of property, i.e., a use allowed under R.C. 519.20." *Genesis Outdoor*, 2003-Ohio-923, at ¶ 12. "Furthermore, ambiguities in zoning provisions which restrict the use of one's land must be construed against the zoning resolution because the enforcement of such provisions is an exercise of police power that constricts property rights." (Internal citations and quotations omitted.) *Id*. Because Section 1201.07(h) and Section

1201.03 are in direct conflict with R.C. 519.20, we are compelled to sustain Senuta's second assignment of error as to both the digital and static billboards.

{¶18}  As Section 1201.07(h) and Section 1201.03 conflict with R.C. 519.20, they are invalid and unenforceable.  Senuta's second assignment of error is sustained.

Section 1201.02

{¶19}  In support of his first assignment of error, Senuta argues that the trial court erred when it determined that his proposed digital billboard violated Section 1201.02, which prohibits signs that "have flashing lights or changing colors."  Senuta maintains that the trial court's interpretation effectively prohibits the periodic changing of sign faces on all billboards, regardless of whether those billboards are digital or static.  Senuta asserts that the trial court's interpretation is inconsistent with ODOT regulations which permit multiple and variable message sign faces that changes colors within 660 feet of a highway that is part of the national highway system, provided that each message or advertising copy remained fixed for at least eight seconds.  *See* Ohio Adm.Code 5501:2-2-02(B)(1).  Senuta further contends that there was no basis in the record to support the trial court's conclusion that he admitted that his proposed digital billboard would change colors.

{¶20}  As an initial matter, a review of the record does not support the trial court's conclusion that Senuta acknowledged that his digital billboard would change colors in violation of Section 1201.02.  At the outset of its analysis, the trial court suggested that "a review of the record in this regard leaves questions to be answered[.]"  The trial court went on to find that Senuta admitted during the BZA hearing that his digital billboard would change colors.  A review of the BZA hearing transcript reveals that counsel for the Township asked multiple questions aimed at determining whether Senuta's digital billboard would change colors in violation of Section

1201.02. Counsel for Senuta consistently answered these questions by stating that the ODOT regulations preempted Section 1201.02 and that Senuta fully intended to comply with the ODOT regulations. At one point, counsel for Senuta suggested that the digital billboard would not look like a "Las Vegas[] [] marquee" but the advertising copy on the sign face would change approximately every eight seconds, as permitted by ODOT. When pressed on the issue, counsel for Senuta responded, "The only time it would change is when the face changes. You know, it might be a different message." When Senuta himself was asked if he could provide additional insight, he indicated that he had not yet reached agreements with advertisers. Based on the aforementioned exchange, the trial court's finding that Senuta admitted that his digital billboard would change colors in violation of Section 1201.02 was unsupported by a preponderance of reliable, probative, and substantial evidence. Instead, Senuta merely stated that the digital billboard would change colors when the advertising copy on the sign face changed in a manner conforming with the ODOT regulations.

{¶21} To the extent that the trial court concluded that Senuta's digital billboard violated Section 1201.02 because the colors on the sign face would change when the advertising copy changed, the trial court interpreted Section 1201.01 in a manner that conflicts with the general law of Ohio. R.C. 5516.03 grants authority to the Ohio director of transportation to promulgate rules pertaining to outdoor advertising, including rules pertaining to "sizing, lighting, [and] spacing[.]" Ohio Adm.Code 5501:2-2-02(B)(1) allows for multiple and variable messages along roads such as State Route 8 as long as "[e]ach message or advertising copy shall remain fixed for at least eight seconds[.]" As noted above, Senuta indicated that the colors on his digital billboard would change colors when the advertising copy on the sign face changed. Insofar as the trial court concluded that a digital billboard of this nature was prohibited under Section 1201.02, the trial court's

judgment in this regard must be reversed given that Section 1201.02, as interpreted by the trial court, stands in conflict with Ohio Adm.Code 5501:2-2-02(B)(1) and thus is preempted under Ohio law.

**{¶22}** Senuta's first assignment of error is sustained.

### Section 1201.07(g)

**{¶23}** In support of his fourth assignment of error, Senuta argues that the trial court erroneously determined that Section 1201.07(g) did not conflict with R.C. 519.20.

**{¶24}** Section 1201.07(g) prohibits "[b]illboards, unless otherwise permitted by law." In rejecting Senuta's contention that Section 1201.07(g) conflicted with R.C. 519.20, the trial court reasoned that "[t]he resolution in question does not provide for a complete ban on billboards, rather it acknowledges that the [T]ownship's ability to restrict billboards is limited by Ohio law." The trial court further observed that it was Senuta's responsibility to present credible evidence that his billboards were "permissible by [Ohio] law, including the resolutions of the Township." The trial court ultimately concluded that Senuta "ha[d] failed this feat[]" because his billboards violated numerous zoning regulations.

**{¶25}** It is axiomatic that the "otherwise permitted by law" provision contained in Section 1201.07(g) concerns not just the other provisions in the Township's zoning resolution but also the general law of Ohio, including R.C. 519.20. The trial court's analysis of Section 1201.07(g) was predicated on its determination that Senuta had failed to present credible evidence that he complied with various provisions of the Township's zoning resolution, including Section 1201.02, Section 1201.03, and Section 1201.07(h). As discussed above, this Court has determined that the trial court applied those provisions in a manner that conflicted with R.C. 519.20. *See* Discussion of Assignments of Error I and II, *supra*. Given the reasoning set forth by the trial court in upholding

the "otherwise permitted by law" provision contained in Section 1201.07(g), it follows that Senuta's fourth assignment must be sustained as well.

Conclusion

**{¶26}** Senuta's first, second, and fourth assignments of error are sustained.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FAILING TO HOLD THAT RESOLUTION SECTION [1201.07.(h)], WHICH PROHIBITS SIGNS NOT ADVERTISING SERVICES OR GOODS SOLD ON PREMISES, VIOLATES THE FIRST AMENDMENT [TO] THE UNITED STATES CONSTITUTION AND SECTION 11, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶27}** In his third assignment of error, Senuta argues that Section 1201.07(h) violates the free speech protections guaranteed in the First Amendment to the United States Constitution and Article I, Section 11, of the Ohio Constitution.[1]

**{¶28}** In light of this Court's resolution of Senuta's first, second, and fourth assignments of error, it is not necessary to resolve Senuta's constitutional challenge to Section 1201.07(h). *See Akron v. Medford*, 9th Dist. Summit No. 20352, 2001 WL 808976, *4 (July 18, 2001) ("[W]e we will not reach constitutional questions unless absolutely necessary."). As this Court's resolution of Senuta's first, second, and fourth assignments of error disposes of this appeal, we decline to address Senuta's third assignment of error as it has been rendered moot. App.R. 12(A)(1)(c).

---

[1] Notably, the trial court declined to address Senuta's First Amendment challenge to Section 1201.07(h), which prohibited "all signs not advertising services or goods sold on premise[s]." After noting in passing that certain Ohio courts had recently recognized that the constitutional validity of regulations distinguishing off-site signs from on-site signs, the trial court found that it was unnecessary to undertake a constitutional analysis in this case because doing so was not necessary to resolve the issues before the court.

III.

{¶29} Senuta's first, second, and fourth assignments of error are sustained. This Court declines to address Senuta's third assignment of error as it has been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ANTHONY R. VACANTI, JOHN P. SLAGTER, and DANIELLE M. EASTON, Attorneys at Law, for Appellant.

ALFRED E. SCHRADER, Attorney at Law, for Appellee.